## JAMES H. REYNOLDS *vs.* MICHAEL HANRAHAN.

The court cannot say, as matter of law, that a one-armed man, driving a carriage, in the daytime, at the speed of five miles per hour, down a hillside, on the right of the travelled part of a highway four rods wide, was necessarily negligent in coming into collision with a wagon, loaded with stone, and drawn by a team of horses driven at a walk up the hill, on the same side of the road; although there were no other vehicles or obstructions in the highway, and there was nothing unusual in the size or condition of the stone-wagon and its team.

The fact that a servant who, in the course of his employment, causes an injury by negligently driving a team upon a highway in violation of the law of the road, is liable in damages, under the Gen. Sts. *c.* 77, to the person injured, is no bar to an action by such person at common law against the master for his servant's negligence.

TORT for injuries sustained in a collision of the plaintiff's carriage on a highway with a wagon of the defendant which was managed and controlled at the time by the defendant's servant, through whose negligence it was alleged that the collision was caused. Answer, a general denial, with an allegation that the plaintiff's injuries, if any, were caused by the neglect of the defendant's servant, in the absence and without the knowledge of the defendant, to drive seasonably to the right of the middle of the travelled part of the road, as provided in the Gen. Sts. *c.* 77.

At the trial in the superior court, before *Wilkinson*, J., it appeared that the plaintiff, who had but one arm, was driving his carriage, about two o'clock in the afternoon, down a hillside, at a speed of about five miles per hour, on the right of the travelled part of a highway four rods wide, when the collision occurred with the defendant's wagon, loaded with stone and drawn by a team of horses which the defendant's servant, in the defendant's absence, was driving at a walk up the hill on the same side of the road. The defendant asked for the following instructions to the jury:

"1. The burden of proof is on the plaintiff to show that he used due care and diligence, and if the jury find that at the time of the collision he had but one arm, and was driving with but one arm, then he must satisfy them that he used all care possible under the circumstances to avoid the collision; and what would be sufficient care and prudence in a man driving with

both hands might not be sufficient in a man driving with **but** one hand.

" 2. If the jury find that the plaintiff, with but one arm, was driving at the rate of five miles per hour down hill in the day-time, on a public highway four rods wide, and the defendant's team, loaded with stone, was coming up the hill slowly on the walk, and there was no other team or other obstruction in the highway at the time, and nothing unusual in the size or condition of the defendant's team, and the plaintiff's carriage, while so driven, came in collision with the team of the defendant, then the plaintiff was not in the use of such care and diligence as to entitle him to recover, although at the time of the collision the defendant's team was not on the right hand side of the middle of the travelled part of the way as by law provided.

" 3. If the jury find that the injury to the plaintiff was occasioned by the servant of the defendant in neglecting to keep the team of the defendant on the right hand side of the middle of the travelled part of the road when meeting the team of the plaintiff, and that this was the only cause of the collision, then the defendant is entitled to a verdict.

" 4. If the jury find that the plaintiff might have avoided the collision by turning to the left of the middle of the travelled part of the road on meeting the team of the defendant, but did not so turn to the left, then the plaintiff was not in the use of such care as to entitle him to recover."

The judge instructed the jury substantially in the terms of the fourth request; but declined to give the first three rulings as prayed for, and instructed the jury further as follows:

" The burden is upon the plaintiff to show that he was in the exercise of due care and diligence at the time of the collision, and that no want of due care on his part contributed to the collision, and that the defendant was guilty of negligence which was the cause of the collision; and whether due care and diligence were used is a question for the jury to determine upon all the circumstances in the case. What would be sufficient care in a man driving with the use of both hands might not be sufficient care in a man driving with but one hand. The plain

tiff was bound to use care proportioned to his disabihty. It is not sufficient for the plaintiff to show that he was on the right side of the road and the defendant's team was on the wrong side, but he must go further, and show that he used due care and prudence, under all the circumstances in the case, to avoid the collision. What is meant by due care and prudence is such care and prudence as men of ordinary care and caution would exercise under similar circumstances."

He also instructed them specially as follows in reference to the subject of the defendant's third request:

" If the jury are satisfied that the defendant's servant was on the left hand side of the middle of the travelled part of the road, and that his being there at the time of the collision was an act of negligence, or if his neglecting to turn to the right on meeting the plaintiff was an act of negligence, either of which caused the injury, the plaintiff may recover, if he was in the exercise of due care."

The jury found for the plaintiff; and the defendant alleged exceptions.

*E. T. Burley*, for the defendant.

*D. Saunders & C. Saunders*, for the plaintiff.

COLT, J. The first instruction asked for was given substantially as requested. The jury must have found, under all the instructions given, that the injury was caused by the negligence of the servant of the defendant, either in being upon the wrong side of the road at the time of the collision, or in neglecting to turn to the right on meeting the plaintiff; and that the plaintiff was in the exercise of ordinary care at the time, having due reference to his disability as a one-armed man. The verdict must stand, unless there is something in the point taken, that, as the negligence complained of consisted in a violation of the law of the road, the only remedy is under the provisions of the statute, Gen. Sts. *c.* 77.

It was held in *Goodhue* v. *Dix*, 2 Gray, 181, that under this statute a master was not liable for damages sustained by any party by reason of the servant's omission to drive to the right of the middle of the road when meeting another vehicle. The

omission to drive according to the rule given is made a crimina. offence, and subjects the party by whom it is committed to damages resulting therefrom. But the language of the statute limits the responsibility for damages to the party who is guilty of the offence. In the case cited, the action was founded upon the provisions of the statute. This action is founded upon the common law liability. The declaration is general in its terms, alleging an injury occasioned by the defendant's negligence. And at common law a master is held for the negligent acts of the servant done in his employment. It is immaterial that the negligence consists in the violation of some penal statute. It was not intended to impair by the statute any of the ordinary remedies of the party. Where new remedies are given by statute to enable one more effectually and conveniently to enforce his rights, and intended for his benefit, its provisions, unless expressly excluding other remedies, are to be construed as cumulative rather than restrictive. *Barden* v. *Crocker*, 10 Pick. 383. *Kidder* v. *Dunstable*, 11 Gray, 342. *Counter* v. *Couch*, 8 Allen, 437. *Chesley* v. *Smith*, 1 N. H. 20.

*Exceptions overruled.*