SYLVESTER A. WOODROW & another *vs.* CHARLES H. MANS-FIELD.

In replevin against an executor, to which the defence is that the defendant's testator bought the goods from an agent of the plaintiff, the plaintiff is not, under the Gen. Sts. *c.* 131, § 14, a competent witness to show that the agent was not authorized to sell for him.

If incompetent evidence was admitted at a trial, a new trial must be granted, although since the former trial a statute has been passed under which the evidence would now be competent.

REPLEVIN of eight barrels of whiskey by Sylvester A. Woodrow and Enoch George. After the entry of the action, the defendant, Charles H. Mansfield, died, and his executor, Simeon Mansfield, appeared to defend it.

At the trial in the superior court, at April term 1870, before *Pitman*, J., the executor contended that his testator had purchased the whiskey from Pierre Razoux, to whom it had been consigned for sale by the plaintiffs. The plaintiffs offered the testimony of George to show that Razoux had no authority to sell. The executor objected to the admission of the testimony, because George was a party to the action and the original defendant was dead ; but the judge overruled the objection. Other points taken

at the trial are now immaterial. The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*J. Nickerson,* for the defendant. George was excluded from testifying, by the proviso of the Gen. Sts. *c.* 131, § 14, that "where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party shall not be admitted to testify in his own favor; and when an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify."

*E. H. Abbot,* for the plaintiffs. 1. Charles H. Mansfield, although one of the parties to the record, was not one of "the original parties to the contract or cause of action in issue and on trial." The issue was on Razoux's authority to sell. *Fischer* v. *Morse,* 9 Gray, 440. *Smith* v. *Smith,* 1 Allen, 231. *Byrne* v. *McDonald,* Ib. 293. *Granger* v. *Bassett,* 98 Mass. 462, 468. *Little* v. *Little,* 13 Gray, 264, 267.

2. If the admission of George's evidence was improper, yet a new trial should not now be granted, as under the St. of 1870, *c.* 393, he would now be competent to testify.

WELLS, J. This action is for the possession of chattels, alleged to be the property of the plaintiffs, and unlawfully taken or detained by the defendant's testator. That was the "cause of action in issue and on trial."

The defence relied upon a contract of sale and purchase effected through Razoux as agent of the plaintiffs. That contract was in issue and on trial. It involved two questions: First. Was the alleged contract made? Second. Had Razoux authority to make it? The second question was within the issue; and was perhaps the main question upon which the controversy turned. But it was not the "contract in issue and on trial."

Regarding either the contract or the cause of action in issue and on trial, the original parties thereto were the defendant's testator on one side, and the plaintiffs, not their agent Razoux, on the other.

The St. of 1865, *c.* 207, does not apply ; and the St. of 1870, *c.* 393, was not in force when these exceptions were taken.  We cannot overrule them because upon a new trial, as the law now stands, the parties will be competent witnesses.  The defendant had the right to have the case tried according to the law existing at the time ; and we cannot assume that, in view of the law as it now is, no harm has come to him from the admission of testimony which at the time of the trial was incompetent.

As a new trial must be ordered upon this ground, we do not deem it necessary to decide the questions arising upon objections to particular instructions given to the jury.

*Exceptions sustained.*