MARY E. DiDONATO vs. MARGUERITE RENZI.*

Essex.   May 20, 1936. — July 1, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Law of the Road.   Motor Vehicle, Operation.   Actionable Tort.   Proximate Cause.*

On findings that the view of the driver of an automobile was unobstructed for one hundred yards down the street he was on but was obstructed as to a side street at his left and that he nevertheless drove to the left of the center of the travelled way as he approached the intersection and thereby collided with another automobile which had come out of the side street and was waiting on the left side of the first street for him to pass, it could be found that he violated G. L. (Ter. Ed.) c. 89, § 4, that his violation was the proximate cause of the collision, and that he was liable under § 5 to a guest riding in his automobile for injury sustained in the collision.

TORT.   Writ in the First District Court of Essex dated November 18, 1935.

On removal to the Superior Court, the action was referred

---

* Although the report of the auditor in this action was not filed until March 8, 1936, and the effective date of St. 1936, c. 49, was February 13, 1936, the contention based on that statute, which was successfully put forward by the defendant in *Pittsley* v. *David*, decided on December 1, 1937, was, as stated in the opinion in that case, not taken by the parties nor considered by the court here. See also *Sullivan* v. *Cushing*, decided December 10, 1937. The decision, rendered on March 31, 1938, in *Finnegan* v. *Checker Taxi Co.*, in an action in which a verdict had been returned before the effective date of St. 1936, c. 49, should be noted, as well as St. 1938, c. 149, enacting that St. 1936, c. 49, should in no way affect any cause of action which accrued prior to its effective date, and application of St. 1938, c. 149 in *Marquis* v. *Messier*, decided July 7, 1939. — REPORTER.

to an auditor whose findings of fact were not to be final. A motion by the plaintiff that "judgment be entered for" her "according to the auditor's report" was granted by *Williams*, J. The defendant alleged exceptions and also appealed.

*W. W. Jump*, for the defendant, submitted a brief.

*W. B. Welch*, for the plaintiff.

CROSBY, J. This is an action of tort to recover for personal injuries, arising out of an automobile accident that occurred on October 24, 1935, on a public way at the intersection of Cabot Street, Stone Street and Davis Street in the city of Beverly in this Commonwealth. The plaintiff at the time of the accident was an occupant of an automobile owned and operated by the defendant. The plaintiff's declaration is in three counts: the first alleges gross negligence, the second ordinary negligence, and the third, a violation of G. L. (Ter. Ed.) c. 89, §§ 1 and 4. The defendant's answer contains a general denial, and an allegation that the plaintiff was not in the exercise of due care. The action was tried before an auditor; his findings of facts were not final. He furnished the parties with copies of his report and notified them of the time and place when and where they might suggest such alterations as they might deem proper. The parties did not desire to be heard on the draft report and it was filed. Neither party within ten days after the filing of the report filed a statement insisting upon a jury trial or reserved the right to introduce further evidence under Rule 88 of the Superior Court (1932). The case was heard by a judge of the Superior Court without a jury upon the plaintiff's motion that "Judgment be entered for the plaintiff according to the auditor's report."

The auditor found that the defendant used her automobile for pleasure and also as a means of transportation between her home in Beverly and her place of employment in Salem; that the plaintiff and several other employees at the same place, who lived in Beverly, were accustomed to ride with her daily to and from their common place of employment; that nothing was ever paid by the plaintiff or others or sought for such transportation by the defend-

ant; and that the plaintiff was on each occasion the guest of the defendant.

The auditor further found as follows: "Cabot Street in Beverly runs approximately from north to south. At the point where the accident herein occurred, Stone Street enters Cabot Street at right angles from the east. At the same point Davis Street enters Cabot Street from the southeast in such a manner that the easterly line of Davis Street forms an angle slightly acute with the southerly side line of Stone Street, and the westerly side line of Davis Street forms an angle slightly acute with the westerly* side line of Cabot Street." On October 24, 1935, "one Carpenter, driving a motor vehicle on his own right hand side of the way along Stone Street in a westerly direction entered Cabot Street at approximately 6:40 A.M. at the rate of ten miles an hour. As he entered he saw the car of the defendant forty feet distant, approaching from the north, and in order to permit it to pass he immediately brought . . . [his] motor vehicle . . . to a standstill at a point where a space of but three feet intervened between the rear bumper of his car and the easterly curb of Cabot Street extended south across the westerly head of Stone Street. In this position the forward end of his car did not extend to the center line of the public way he was entering, and was on the right of the center line of Stone Street extended west. Within the car owned and operated by the defendant, and noted by Carpenter as it approached from the north as hereinbefore stated," were young women, including the plaintiff, being carried to their work. The automobile thus operated by the defendant "contacted the mid center of the right hand side, and demolished the right running board of the Carpenter car while it was not in motion, and in the location hereinbefore described." The road was dry, the visibility good, and there were no other automobiles in the vicinity at the time. The plaintiff was at all times in the exercise of due care. In approaching the point of contact the defendant was negligent in operating her automo-

---

* Obviously, this word "westerly" should read "easterly". — REPORTER.

bile to the left of the center of the travelled way, and in not seasonably observing the presence of the Carpenter automobile, and thereafter avoiding contact by turning her automobile to the right. The auditor further found that the defendant's negligence was the proximate cause of the accident, but expressly found that it was not gross negligence. He found that at the point of contact and for a distance of forty feet north therefrom, the defendant was at all times operating her motor vehicle on the left of the middle of the travelled way of Cabot Street; that at the point of contact, and for a distance of forty feet north therefrom her view south, on both Cabot and Davis streets, was unobstructed for a distance of one hundred yards; that her view of traffic along Stone Street was obstructed up to the point of contact; that her view of traffic about to enter Cabot Street from Stone Street was obstructed up to a point fifteen feet north of the point of contact; that "As the defendant's car advanced on the left of the middle of the travelled way of Cabot Street to meet or contact the Carpenter car stationary and at the point hereinbefore described . . . if the defendant had been alert and seasonably driven her car to the right of the travelled way the contact would have been avoided. . . . it would have been avoided . . . if the defendant had driven her car consistently on the right of the travelled way of Cabot Street."

The foregoing findings of the auditor amply warrant his conclusion that the acts of the defendant constituted a violation of G. L. (Ter. Ed.) c. 89, §§ 1, 4, and that such violation was not a mere condition occurring at the same time as, but was the direct proximate cause of, the collision and the injuries to the plaintiff. The auditor found that the plaintiff was entitled to recover as damages the sum of $250.

After argument, the judge of the Superior Court made the following ruling and order: "I rule that when the Carpenter car proceeded into Cabot Street, as found by the auditor in his report, the defendant then did not have an unobstructed view of the road for at least one hundred yards, and that her operation of her car thereafter was in

violation of G. L. (Ter. Ed.) c. 89, § 4.   The plaintiff's motion for judgment is allowed." To the foregoing ruling and order the defendant excepted.

As the case is properly before this court upon the defendant's exceptions, there is no occasion to consider the defendant's appeal from the action of the trial judge. It is the contention of the defendant that G. L. (Ter. Ed.) c. 89, § 4, does not apply to an automobile accident occurring when two automobiles travelling on different streets collide at the intersection of the streets. This section provides: "Whenever on any way, public or private, there is not an unobstructed view of the road for at least one hundred yards, the driver of every vehicle shall keep his vehicle on the right of the middle of the traveled part of the way, whenever it is safe and practicable so to do." Upon the facts found by the auditor the trial judge was warranted in finding for the plaintiff under the third count of the declaration, which was based upon a violation of G. L. (Ter. Ed.) c. 89, §§ 1 and 4. *Gallagher* v. *Wheeler*, 292 Mass. 547.

*Exceptions overruled.*