JAMES SMITH *vs.* FRANCIS J. AXTMAN.

Suffolk.    December 8, 1936. — February 23, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Negligence,* Gross, Motor vehicle, In use of way.

A finding that the operator of an automobile was guilty of gross negligence was warranted by evidence that, driving on a city street in the early dawn at forty to forty-five miles an hour, he was impatient at remonstrances from guests, took his hands off the steering wheel, turned to look at one of the guests, and, though he took hold of the steering wheel again, lost control of the automobile.

TORT. Writ in the Superior Court dated April 18, 1932. The action was tried before *T. J. Hammond,* J. There

was a verdict for the plaintiff in the sum of $5,000. The defendant alleged exceptions.

The case was submitted on briefs.

*T. H. Mahony*, for the defendant.

*F. S. Deland*, for the plaintiff.

QUA, J. The sole question for decision is whether there was any evidence of gross negligence on the part of the defendant in driving an automobile in which the plaintiff, who was riding as the defendant's guest, was injured.

The evidence which bears directly upon the defendant's conduct at the time of the accident places the plaintiff, the defendant and one LaRochelle on the front seat of the defendant's automobile on Columbus Avenue, in Boston, early on a December morning. It was just beginning to get light, and the street lights were not lighted. Near Ruggles Street the defendant "stepped on the gas" and was going forty to forty-five miles an hour. The plaintiff told him to "take it easy." LaRochelle told the "plaintiff" [defendant?] to slow down or he (LaRochelle) would get out. The plaintiff said, "Mr. LaRochelle is right." The defendant "in rather a hostile way" said, "I am driving this car," and waved his right hand off the wheel. The plaintiff told the defendant to keep his hands on the wheel. "The defendant again said: 'I am driving this car,' and was looking around at LaRochelle. At the time he started to take his hands off the wheel the car was going so fast he could not control it. He got his hands back on the wheel, was looking around at LaRochelle; the car went along some distance, when it struck a projection at the curbstone; the car then went up on the sidewalk and struck a post." The defendant lost control "when he was starting to get his hands off." After the plaintiff and LaRochelle had spoken to him the defendant got his hands back on the wheel and was looking at LaRochelle. The automobile struck "a projection at the curbstone where it tapered . . . naturally it narrowed right into the curbstone."

This evidence was sufficient to justify the submission of the case to the jury. It could be found to show negligence

substantially and appreciably greater in degree than ordinary negligence. It could be found to show deliberate inattention, voluntary incurring of risk, impatience of reasonable restraint and persistence in palpably negligent conduct over an appreciable period of time. *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170. The case is clearly distinguishable from *Curley* v. *Mahan,* 288 Mass. 369, 374, *Adamian* v. *Messerlian,* 292 Mass. 275, 277, *Folan* v. *Price,* 293 Mass. 76, and *Woods* v. *Woods,* 295 Mass. 238, 243–244, where it was held that the evidence that the driver looked back for a few moments was not enough to show gross negligence.

The jury were not required to pass separately upon the various elements which entered into the defendant's conduct. They could view that conduct as a whole. They were not obliged to treat his acts after he put his hand back on the wheel as separate and distinct from that which had gone before, even though there was some interval of time between his regaining his hold and the crash. They could find that he was still "looking around." They could treat the evidence as showing a continuous course of grossly negligent conduct which had not wholly come to an end before the accident, but which finally culminated in the accident. *Dean* v. *Bolduc, ante,* 15, 17. *Bruce* v. *Johnson,* 277 Mass. 273. *Connors* v. *Boland,* 282 Mass. 518. *Channon* v. *Lynch,* 292 Mass. 316.

*Exceptions overruled.*