EVERETT W. PITTSLEY, administrator, *vs.* ROMEO E. DAVID, executor.

Essex.    November 2, 1937. — December 1, 1937.

Present: FIELD, LUMMUS, QUA, & DOLAN, JJ.

*Husband and Wife. Agency,* Liability of principal to wife of agent. *Statute,* Repeal. *Law of the Road. Actionable Tort. Negligence,* Gross, Motor vehicle, In use of way.

It was no defence to an action against an employer based upon his employee's tortious conduct that the plaintiff was the employee's wife.

St. 1936, c. 49, abolishing without a saving clause the civil liability created by G. L. (Ter. Ed.) c. 89, § 5, for violation of §§ 1–4, barred an action under § 5 pending but untried at the time of its enactment.

Evidence merely that an automobile was driven on the left side of the road at a place where the driver's view ahead was obstructed did not warrant a finding of his gross negligence.

TORT. Writ in the Superior Court dated July 10, 1933.

The action was tried before *Cox,* J. A verdict for the plaintiff in the sum of $1,500 on each count of the declaration was recorded subject to leave reserved. The judge ordered entered a verdict for the defendant on the first count, but denied the defendant's motion for the entry of a verdict in his favor on the second count. Both parties alleged exceptions.

*J. F. Doyle,* for the defendant.

*W. C. Ford,* for the plaintiff.

LUMMUS, J. Both parties allege exceptions in an action of tort for personal injuries sustained on May 21, 1933, by the plaintiff's intestate, a married woman, while a guest in an automobile owned by the defendant's testator and driven by one Pittsley, who was the servant of the defendant's testator, acting within the scope of his employment, as well as the husband of the plaintiff's intestate. With reference to the occurrences of May 21, 1933, the plaintiff's intestate and the defendant's testator will be called respectively the plaintiff and the defendant.

1. On December 3, 1936, the plaintiff obtained a ver-

dict upon the second count of the declaration for a violation of G. L. (Ter. Ed.) c. 89, §§ 1, 4. The former section provides that "when persons traveling with vehicles meet on a way, each shall seasonably drive his vehicle to the right of the middle of the traveled part of such way, so that the vehicles may pass without interference." The latter section provides that "whenever on any way, public or private, there is not an unobstructed view of the road for at least one hundred yards, the driver of every vehicle shall keep his vehicle on the right of the middle of the traveled part of the way, whenever it is safe and practicable so to do." Section 5 of the same chapter provided, before its amendment by St. 1936, c. 49, that "whoever violates any of the provisions of the four preceding sections shall . . . be liable in an action commenced within twelve months after the date of such violation for all damage caused thereby." Recovery under that section could be had by a guest, without proof of gross negligence or even of ordinary negligence. *Gallagher* v. *Wheeler*, 292 Mass. 547. *DiDonato* v. *Renzi*, 295 Mass. 113. This action was begun on July 10, 1933, within the statutory period. There was evidence that Pittsley in driving the defendant's automobile violated the statute, and thereby caused personal injury to the plaintiff.

The first defence is that a wife cannot recover from the master of her husband for injury caused to her by her husband's wrong. It is true that, if the wife should recover, her husband would be bound to indemnify his master (*Pittsley* v. *Allen*, 297 Mass. 83, 84), and her recovery could not profit the family unless her husband should be financially irresponsible. But though the defendant's contention finds support in decisions in a few States, we think it unsound. There is no universal legal identity of husband and wife. The policy that gives the husband immunity from actions at law by the wife (*Lubowitz* v. *Taines*, 293 Mass. 39), does not extend the immunity to his master. *Schubert* v. *August Schubert Wagon Co.* 249 N. Y. 253. *Poulin* v. *Graham*, 102 Vt. 307. *Koontz* v. *Messer*, 320 Penn. St. 487, 492, 493. Am. Law Inst. Restatement: Agency, § 217, comment *b*.

The second defence is that St. 1936, c. 49, destroyed the cause of action. That statute, which was approved on February 13, 1936, contained an emergency preamble which caused it to take effect on that day. Art. 48 of the Amendments to the Constitution, The Referendum, I, II. G. L. (Ter. Ed.) c. 4, § 1. *Rosenthal* v. *Liss,* 269 Mass. 373, 376. *O'Donnell* v. *Registrar of Motor Vehicles,* 283 Mass. 375, 378. The effect of St. 1936, c. 49, was to strike from G. L. (Ter. Ed.) c. 89, § 5, the words which provide that a violator of §§ 1–4 shall "be liable in an action . . . for all damage caused" by the violation. It contained no express reservation of pending actions or existing causes of action.

The civil action given to a person injured by a violation of the law of the road, measured the recovery by the amount of the damage caused by the violation. It was remedial, and not penal (*Reed* v. *Northfield,* 13 Pick. 94, 101, 102; *Cole* v. *Groves,* 134 Mass. 471, 472; *Wall* v. *Metropolitan Stock Exchange,* 168 Mass. 282; *Wilson* v. *Head,* 184 Mass. 515, 519), although the same section created a criminal liability, and restricted the civil action to a defendant punishable criminally. *Goodhue* v. *Dix,* 2 Gray, 181. *Reynolds* v. *Hanrahan,* 100 Mass. 313. Therefore the plaintiff is not aided by G. L. (Ter. Ed.) c. 4, § 6, Second, which applies only to crimes and penal actions.

The plaintiff invokes the general rule, applicable in the absence of plain indication to the contrary, that the Legislature is deemed to intend that its acts shall have only a prospective operation, and shall not affect existing substantive rights though applicable to subsequent procedure even in pending cases. *Wynn* v. *Assessors of Boston,* 281 Mass. 245, 249, and cases cited. *Duggan* v. *Ogden,* 278 Mass. 432, 435. *Adams* v. *Adams,* 211 Mass. 198, 202. *O'Donnell* v. *Registrar of Motor Vehicles,* 283 Mass. 375, 378. *Woodrow* v. *Mansfield,* 106 Mass. 112. Statutes narrowing or taking away defences theretofore existing do not apply to existing causes of action. *Bucher* v. *Fitchburg Railroad,* 131 Mass. 156. *Shallow* v. *Salem,* 136 Mass. 136. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, and cases cited. *Rosenthal* v. *Liss,* 269 Mass. 373, 376, 377. *Abington*

v. *Duxbury*, 105 Mass. 287, 292. Likewise, statutes restricting the substantive right of a plaintiff to recover have been held not to apply to existing causes of action. In *Wild* v. *Boston & Maine Railroad*, 171 Mass. 245, 248, it was held that a plaintiff was entitled to recover the damages allowed by law when the cause of action arose for loss by fire communicated by a locomotive engine, notwithstanding a later statute restricting them and the purely statutory nature (G. L. [Ter. Ed.] c. 160, § 234) of the cause of action. In *Hennessey* v. *Moynihan*, 272 Mass. 165, 169, and *Engel* v. *Checker Taxi Co.* 275 Mass. 471, 476, it was held that a plaintiff struck by an automobile might rely as proof of negligence upon the failure of the defendant to give signals required by statute at the time of the injury though not at the time of the trial. In *Hill* v. *Duncan*, 110 Mass. 238, a statute relieving husbands from liability for the torts of their wives was held not to apply to pending actions if indeed applicable to existing causes of action.

A different principle appears to us to govern the case. It is stated by Gray, J., in *New London Northern Railroad* v. *Boston & Albany Railroad*, 102 Mass. 386, 389, as follows: "A statute which wholly repeals an earlier one, either expressly or by implication, without any saving clause, makes it ineffectual to support any proceedings, whether not yet begun, or pending at the time of its passage, and not already prosecuted to final judgment vesting absolute rights." Hammond, J., stated it more concisely as follows: ". . . where a statutory right of action is given the repeal of the statute without a saving clause destroys the right." *Wrentham* v. *Fales*, 185 Mass. 539, 542. This principle has been recognized in many cases in this Commonwealth and elsewhere. *Sawyer* v. *Northfield*, 7 Cush. 490, 493. *Springfield* v. *Worcester*, 2 Cush. 52, 61, 62. *In re petition of Mayor & Aldermen of Northampton*, 158 Mass. 299, 302. *Mayor & Aldermen of Taunton, petitioners*, 290 Mass. 118, 124. *Flaherty* v. *Thomas*, 12 Allen, 428. *Commonwealth* v. *Bennett*, 108 Mass. 30. *United States* v. *Chambers*, 291 U. S. 217. *Hertz* v. *Woodman*, 218 U. S. 205, 216.

It does not apply where a new statute continues in force provisions of an old statute although in form it repeals them at the moment of its passage. *Sawyer* v. *Northfield,* 7 Cush. 490. *Wright* v. *Oakley,* 5 Met. 400, 406, 407. *United Hebrew Benevolent Association* v. *Benshimol,* 130 Mass. 325. *Loughlin* v. *Parkinson,* 184 Mass. 565. *McAdam* v. *Federal Mutual Liability Ins. Co.* 288 Mass. 537, 541. *McGray* v. *Hornblower, ante,* 334, 337. G. L. (Ter. Ed.) c. 281, § 2. *Posadas* v. *National City Bank,* 296 U. S. 497, 504, 505. *Bingaman* v. *Golden Eagle Western Lines, Inc.* 297 U. S. 626. It cannot constitutionally be applied where its application would destroy or impair the obligation of a contract protected by art. 1, § 10, of the Federal Constitution, or deprive a party of property protected by the Fourteenth Amendment to that Constitution or arts. 1, 10 and 12 of the Declaration of Rights of the Constitution of Massachusetts. *Frank Kumin Co. Inc.* v. *Marean,* 283 Mass. 332. *Standard Oil Co. of New York* v. *Back Bay Hotels Garage, Inc.* 285 Mass. 129, 135. *See* v. *Kolodny,* 227 Mass. 446. *Ainslee* v. *Boscketti,* 230 Mass. 577. *Manchester* v. *Popkin,* 237 Mass. 434. *Hill* v. *Duncan,* 110 Mass. 238, 239. *Duke Power Co.* v. *South Carolina Tax Commission,* 81 Fed. (2d) 513.

In *Wilson* v. *Head,* 184 Mass. 515, the plaintiff had a cause of action under St. 1890, c. 437, § 2, for money paid for the purchase of stocks on margin, he "having at the time of contract no intention to perform the same by the actual receipt or delivery of the securities or commodities, and payment of the price." Pending his action, and before he could obtain judgment, St. 1901, c. 459, amended that section by making it a requisite of recovery, that a plaintiff have the affirmative intention "at the time that there shall be no actual purchase or sale." The plaintiff's evidence made a case under the earlier statute, but not under the later. See *Loughlin* v. *Parkinson,* 184 Mass. 565. It was held that a verdict for the defendant was properly directed. The cause of action was created by a statute designed to discourage a kind of gambling rather than to create vested rights. Knowlton, C.J., said (page 518),

"When the remedy provided by the statute is lost by an amendment taking it away in certain classes of cases, nothing further of benefit remains in those cases." See also *Yeomans* v. *Heath*, 185 Mass. 189.

The principle of *Wilson* v. *Head* applies here. The statute in the present case paralleled the criminal penalty by a civil action, both designed to discourage violations of the law of the road rather than to create vested rights. The civil action was purely the creature of the statute. What the Legislature gave it could take away, no vested rights being involved: Not even a verdict had been obtained prior to the repeal. See *Springfield* v. *Worcester*, 2 Cush. 52, 61, 62. We think the judge was in error in allowing recovery under the second count for violation of the law of the road. The point upon which this decision rests was not taken or considered in *DiDonato* v. *Renzi*, 295 Mass. 113.

2. The plaintiff excepted to the entry under leave reserved (G. L. [Ter. Ed.] c. 231, § 120) of a verdict for the defendant upon the first count, which alleged gross negligence at common law. *Reynolds* v. *Hanrahan*, 100 Mass. 313. The cement surface of the much travelled highway was thirty-two feet wide, marked in the middle by a white line, and on each side there was an additional hard surface ten feet wide. The defendant's automobile was going westerly up a steep hill, with no vehicle ahead of it, and had reached a point about fifty feet beyond the crest, where there was not an unobstructed view for one hundred yards. What happened then is the subject of two somewhat conflicting statements of evidence in the bill of exceptions. One is that the defendant's automobile suddenly turned to the left of the middle of the road "and continued toward its left until its front wheels were three or four feet south of the southern or left edge of the highway . . . when it was struck by an automobile which was approaching on the southerly side of the said highway going east." The other is that "just before the accident the defendant's automobile came up westerly over the aforesaid hill on its left side of the middle of the traveled way . . . operating

about two and one-half . . . feet from the left curbstone," and "so proceeded where there was not an unobstructed view of the road for at least one hundred yards, up and over the crest of the hill and around a turn on its left of the middle of the traveled way for a distance of at least two hundred feet up to the place of the accident, and got 'almost to the edge of . . . [a driveway to the left], partly on and partly off the road, and kind of slowed up almost at a standstill,' when it was hit." The speed prior to the collision does not appear.

There is no evidence of deliberate inattention to the driving of the automobile, as in *Koufman* v. *Feinberg, ante,* 270; of impatience of reasonable restraint, as in *Logan* v. *Reardon,* 274 Mass. 83, *Connors* v. *Boland,* 282 Mass. 518, *Curtis* v. *Comerford,* 283 Mass. 589, *Swistak* v. *Paradis,* 288 Mass. 377, and *Smith* v. *Axtman,* 296 Mass. 512; of the voluntary incurring of grave and obvious danger, as in *Learned* v. *Hawthorne,* 269 Mass. 554, *Parker* v. *Moody,* 274 Mass. 100, *Caldbeck* v. *Flint,* 281 Mass. 360, *Connors* v. *Boland,* 282 Mass. 518, *Lefeave* v. *Ascher,* 292 Mass. 336, and *Campbell* v. *Costin,* 293 Mass. 225; or even of persistence in a palpably negligent course of conduct over an appreciable period of time, as in *Logan* v. *Reardon,* 274 Mass. 83, *Smiddy* v. *O'Neil,* 277 Mass. 36, *Gionet* v. *Shepardson,* 277 Mass. 308, *Channon* v. *Lynch,* 292 Mass. 316, *Smith* v. *Axtman,* 296 Mass. 512, and *Goodwin* v. *Walton, ante,* 451. The facts differ from those in *Manning* v. *Simpson,* 261 Mass. 494. Some of the evidence of the witness Pittsley indicated that he saw the automobile with which he collided and another, travelling east, before he turned to the left, but that he would have been in no danger from them if he had kept on the right side of the road. That is hardly consistent with the theory that the defendant's automobile travelled with the view obstructed over the crest of the hill, and around a turn beyond, for two hundred feet, while running close to the left edge of the road, for on the latter theory the other automobile which was travelling "at high speed" and collided with the defendant's automobile could hardly have been

an obvious danger when the defendant's course to the left began. No excessive speed is even suggested. Upon all the evidence we think that any negligence of Pittsley did not rise to the degree of gross negligence, that a verdict for the plaintiff on the first count was not warranted, and that the plaintiff's exceptions must be overruled. *Richards* v. *Donohue*, 285 Mass. 19.

*Plaintiff's exceptions overruled.*
*Defendant's exceptions sustained.*
*Judgment for the defendant.*