Lauriat, J.
The plaintiff, Mario Romero (“Romero”), brought this action against the defendant, Peter Daus-Haberle d/b/a Daus-Haberle Woodwork (“Daus-Haberle”), a general contractor, seeking to recover damages for injuries Romero sustained while working on a construction site for Daus-Haberle. Romero has now moved for partial summaryjudgment on the issue of Daus-Haberle’s liability under G.L.c. 143, §51. Daus-Haberle has cross-moved for summary judgment on all of Romero’s claims. For the reasons which follow, Romero’s motion for partial summaryjudgment is denied. Daus-Haberle’s cross-motion for summary judgment is allowed as to Romero’s G.L.c. 143, §51 claim,[1] but denied as to Romero’s negligence claim.
BACKGROUND
On July 1, 1993, Daus-Haberle entered into a construction contract with private homeowners to gut the interior of their kitchen, add on a 6 x 12 room, and relocate a bathroom. Daus-Haberle contacted Work Helper’s Inc. in order to procure two workers to assist him with the demolition. On August 5, 1993, Romero and Santos Romero were assigned by Work Helpers, Inc. to Daus-Haberle’s construction project. While working at the construction site, Romero stepped on a nail. Romero’s foot injury allegedly developed into septic arthritis and osteomyelitis of the left first metatarsophalangeal joint.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassessov. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial, may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991), accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summaryjudgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
I.
Romero contends that G.L.c. 143, §51, as amended by St. 1992, c. 66, §1 (“Chapter 66”), is applicable to the facts of the present case and, therefore, Romero has a viable action against Daus-Haberle in strict liability. Daus-Haberle asserts that the express repeal *526 of Chapter 66 renders it a nullity which affords Romero no basis of recovery.
Both parties are in agreement as to the history of Chapter 66. In St Germaine v. Pendergast, 411 Mass. 615 (1992), the Supreme Judicial Court held that the actions of a homeowner in obtaining a building permit did not impose on him a common law duty to assure compliance with the State Building Code. Id. at 620. On June 12, 1992, the Legislature, in response to this decision, enacted St. 1992, c. 66, §1 (“Chapter 66”), which inserted two additional sentences into G.L.c. 143, §51. G.L.c. 143, §51, as amended by Chapter 66, provided in relevant part:
Any person who obtains a permit pursuant to the state building code to erect, construct or demolish a building or structure shall be liable to any worker or other person for all injuries and damages that result from a failure to provide a safe workplace or caused by a violation of the state building code or other code by-laws, rules and regulations applicable to the construction site. Nothing in the foregoing sentence shall be construed to extend liability to the employer of a worker under the provisions of chapter one hundred and fifty-two.
(Emphasis added.) The Legislature applied Chapter 66 retroactively to all causes of action arising on or after November 18, 1988. See St. 1992, c. 66, §1.
In St. Germaine v. Pendergast, 416 Mass. 698 (1993), the Supreme Judicial Court held that the retroactive application of Chapter 66 violated Pendergast’s rights under art. 10 of the Massachusetts Declaration of Rights. The Court concluded that “Chapter 66 did not merely codify existing duties” under common law, but rather created a new statutory civil liability for violations of the State Building Code against any person who obtained a building permit. Id. at 703. On January 14, 1994, the Legislature enacted St. 1993 c. 495, §35, which repealed Chapter 66 by deleting the second sentence to G.L.c. 143, §51. The present version of G.L.c. 143, §51 provides:
The owner, lessee, mortgagee in possession or occupant, being the party in control, of a place of assembly, theater, special hall, public hall, factory, workshop, manufacturing establishment or building shall comply with the provisions of this chapter and the state building code relative thereto, and such person shall be liable to any person injured for all damages caused by a violation of any said provisions. No criminal prosecution for such violation shall be begun until the lapse of thirty days after such party in control has been notified in writing . . .
G.L.c. 143, §51.
There is no dispute that Romero’s injuries occurred during the period of time after the enactment of Chapter 66 and prior to its repeal. The issue before this court is whether the express repeal of Chapter 66 annuls this portion of the statute for all purposes and, consequently, deprives Romero of any action in strict liability against Daus-Haberle.
“The general rule of interpretation is that all statutes are prospective in their operation, unless an intention that they shall be retrospective appears by necessary implication from their words, context or objects when considered in the light of the subject matter, the pre-existing state of the law and the effect upon existent rights, remedies and obligations.” School Committee of Springfield v. Board of Education, 366 Mass. 315, 336 (1974), quoting Hanscom v. Malden & Melrose Gas Light Co., 220 Mass. 1, 3 (1914). In Pittsley v. David, 298 Mass. 552 (1937), however, the Supreme Judicial Court discussed the significance of the repeal of a statutory section which provided for a civil statutory cause of action by an amendment which created criminal liability and restricted the civil action to those defendants who were punishable criminally. Id. at 553. The Court held that “[w]here a statutory right of action is given, the repeal of the statute without a savings clause destroys the right.” Pittsley v. David, 298 Mass. 552, 555 (1937), quoting Wrentham v. Fales, 185 Mass. 539, 542 (1904); see also Carlton v. Framingham, 418 Mass. 623, 630-31 (discussing and affirming the Pittsley rule). Thus, the Court concluded that, although the statutory cause of action was viable at the time the plaintiff suffered his damages, he had no civil remedy against the defendant in that case because the statutory section creating the cause of action had been repealed without a savings clause. Pittsley, supra at 555.
The principle set forth in Pittsley is applicable to the present case. Chapter 66 created a statutory cause of action, based on strict liability, designed to discourage building code violations by those who obtain a building permit. The repealing statute, which did not contain a savings clause, abolished the statutory civil remedy based on no-fault liability. Like the statute in Pittsley, the repealing statute contained language suggesting that criminal liability might instead be imposed for violations of the statute. Thus, the court concludes that, when the Legislature repealed Chapter 66, it divested prospective plaintiffs of all rights and causes of action under the prior statute, regardless of when their claims arose. Accordingly, Daus-Haberle is entitled to summary judgment on Romero’s claim under G.L.c. 143, §51.
II.
Daus-Haberle further contends that he is entitled to summary judgment on Romero’s negligence claim. In support, Daus-Haberle asserts that, because Romero was injured by construction debris, Daus-Haberle, as a matter of law, is not liable for Romero’s injuries because the danger was open and obvious. While “(t]he presence of material as an incident to construction or repair in an obvious place which may be avoided by the plaintiff does not violate” any duly *527 owed by the defendant, Zieffv. Cutter Fire Brick Company, Inc., 350 Mass. 758, 761 (1965), in this case, there are questions of fact as to the length of time the nail remained in the debris and whether Daus-Haberle should have taken any precautions to avoid such a situation. Thus, summary judgment is not appropriate on this ground.
Daus-Haberle further asserts that “(i]t is unrealistic and unreasonable to expect a contractor to ensure that debris during demolition work be removed immediately after torn from the building structure.” (Defendant’s Memorandum in Support, p. 20.) However, the reasonableness of Daus-Haberle’s actions in this matter is a question properly reserved for the jury. Pucci v. Amherst Restaurant Enterprises, Inc., 33 Mass.App.Ct. 779, 785 (1992), citing Irwin v. Ware, 392 Mass. 745, 757 (1984). (“Questions of negligence and causation are usually ones of fact for determination by a jury, not a judge.”) Because the court concludes that there are genuine issues of material fact surrounding the events leading to Romero’s injuries, summary judgment on Romero’s negligence claim is inappropriate at this juncture.
ORDER
For the foregoing reasons, the Plaintiffs Motion for Partial Summary Judgment On The Issue of Liability is DENIED. The defendant Peter Daus-Haberle d/b/a Daus-Haberle Woodworkmen’s Motion for Summary Judgment In His Favor on All Allegations Against Him is ALLOWED as to the plaintiffs claim under G.L.c. 143, §15, and DENIED as to all other claims.

G.L.c. 143, §51 is not explicitly mentioned in the complaint. However, G.L.c. 143, §51 is the basis for Romero’s motion for summary judgment.