Spurlock, J.
Plaintiff Steven Costa, a minor, and his parents, plaintiffs Mateus and Adelina Costa, brought this action against their landlords, defendants Hipólito and Maria Pontes on May 1, 1995 for injuries arising out of Steven’s lead poisoning. Count I of the amended complaint alleges strict liability on behalf of all plaintiffs against the defendants pursuant to G.L.c. Ill, §199. Defendants now move to dismiss Count I of the amended complaint as it pertains to Mateus and Adelina Costa on the theory that recent amendments to G.L.c. Ill, §199 have abolished Mr. and Mrs. Costas strict liability cause of action. For the following reasons, defendants motion to dismiss is ALLOWED.
BACKGROUND
Defendants Hipólito B. Pontes and Maria S. Pontes owned a triple-decker home at 154 Webster Street, Cambridge, Massachusetts. The Pontes lived on the second floor of the house. From November 1987 to March 1991, the plaintiffs rented the first floor of the house from the Pontes. Steven Costa was diagnosed with lead poisoning in October 1989, when he was five months old. An inspection of 154 Webster Street revealed the presence of illegal levels of lead. Plaintiffs brought this action sounding in negligence, strict liability and 93A against the Pontes in May 1995.
DISCUSSION
At the time of plaintiffs injury, G.L.c. Ill, §199 provided that an owner of a premise in violation of the lead paint laws would be strictly liable for all injuries which arose out of his or her noncompliance. This included injuries to a poisoned child as well as injuries to parents suffered as a result of their child’s lead poisoning. Statute 1993, c. 482, §16, approved January 14, 1994, rewrote §199 to provide that owners would be strictly liable only to children under six years of age injured by a failure to comply with the lead paint statutes. Defendants argue that this amendment abolished Mr. and Mrs. Costa’s strict liability cause of action under the old §199.
Plaintiffs maintain that their cause of action is not extinguished because the amendment did not specify that the legislature intended to affect prior causes of action. Without this clearly stated intention, plaintiffs argue, statutes are prospective in their operation thereby protecting previously acquired rights. Goes v. Feldman, 8 Mass.App.Ct. 84 (1979).
Generally, it is true that statutes are given effect prospectively. See, e.g., Welch v. Mayor of Taunton, 343 Mass. 485, 487 (1962); Hascom v. Malden & Melrose Gas Light Co., 220 Mass. 1, 3 (1914). However, when no rights have vested in a remedy, a modification of the statute which excludes the civil remedy without a savings clause extinguishes that remedy. Pittsley v. David, 298 Mass. 552, 555 (1937). This rule applies equally to cases pending in court at the time of the modification and cases filed after the effective date of the modification. Pittsley, 298 Mass. at 557; New London Northern Railroad v. Boston & Albany Railroad, 102 Mass. 386, 389 (1869).
Rights do not vest in a civil remedy when that remedy is created by a statute which contains concomitant civil remedies and criminal penalties for violations of a law. Pittsley, 298 Mass. at 555; Cudlassi v. MacFarland, 304 Mass. 612, 613 (1939). This is because the purpose of the civil remedy is only to further discourage violations of the law. Pittsley, 298 Mass. at 555; Cudlassi, 304 Mass. at 613.
The Lead Paint Statute, G.L.c. 111, §§190-199, did not create any vested rights because it contains concomitant civil remedies and criminal penalties for *468 failure to comply with its provisions and the attendant regulations. See generally, Bencosme v. Kokoras, 400 Mass. 40 (1987) (discussing civil remedies under §199 of the lead paint statute); Com. v. Racine, 372 Mass. 631 (1977) (discussing validity of criminal penalties under §198 of the lead paint statute). Therefore, the modification of that statute which deleted, without a savings clause, the language upon which a parental strict liability cause of action is based, extinguished the parental cause of action. See Pittsley, 298 Mass. at 555. Mr. and Mrs. Costa’s claim in Count I of the amended complaint must fail because their cause of action was extinguished by the 1993 modification of the lead paint statute. G.L.c. 111, §199 (as amended by St. 1993, c. 482, §16).
ORDER
It is therefore ORDERED that defendants’ motion to dismiss Count I of the amended complaint as it pertains to Mateus and Adelina Costa pursuant to Mass.R.Civ.P. 12(b)(6) be ALLOWED.