Crimmins, J.
This is an action to recover for defendant’s alleged negligence in his repair of the plaintiffs automobile engine while it was being serviced in the defendant’s automobile repair shop. The plaintiff alleged a contract theory, as well as a count for fraud and a count for violations of Mass. G.Lc. 93A
The Court found that the plaintiff did not meet his burden to a preponderance of the evidence and entered judgment for the defendant.
Plaintiff appealed under Rules 3 and 8C, Dist./Mun. Cts. R. A D. A, contending that the trial court erred in its action on certain requests for findings of fact, rulings on the sufficiency of the evidence, and certain requests for rulings of law.[1]
It is well settled that the Appellate Division will not disturb a general finding of a trial judge when the finding is founded on sufficient evidence to support the subsidiary facts essential for the general finding. Plaintiff cannot predicate a claim of error based upon a denial of requests for certain specific findings of fact. The findings of fact of a trial judge must be upheld if any rational review of the evidence would support them.
We summarize then, the trial judge’s findings and we find no clear error.
The trial judge found that the plaintiff’s car was towed to the defendant’s business after it overheated and became disabled during a funeral procession. Defendant, after inspection, told plaintiff that the head gasket was blown and that the cylinder head would be sent to another company for cleaning and testing on its structural integrity. The cylinder head was returned with no reported problems. However, upon reinstalling the cylinder head, defendant’s employee observed a hairline crack. This information was reported to the plaintiff. Plaintiff in turn told his father who operated an autobody repair shop.
Plaintiff’s father arranged to purchase a new cylinder head and have it delivered to defendant’s garage. Plaintiff delivered the new cylinder head to defendant He was told that the repairs would be completed in a day or so. Plaintiff returned the following day and observed an employee of the defendant’s business revving the engine. The employee told plaintiff that the car had not been test driven or washed and that the car would be ready later that evening or by the next morning.
During the course of a test drive, in which an employee “put the pedal to the floor” and caused the engine to scream, defendant’s employees discovered a rapping noise. Plaintiff spoke with his father who then told defendant’s employees to stop all work, prepare a bill, and put the old cylinder head in the trunk. Plaintiff’s *73 car was thereafter towed to another repair shop.
The owner of the repair shop to which was car was towed testified that his examination of the car revealed the presence of two quarts of gas in the motor, sprung bearings, a rod rap, a failed cooling system due to a missing cooling sensor, and that the car was running on only four of six cylinders. The owner testified that the crack in the cylinder head was not likely to have been caused during its reattachment.
The trial judge, on the issue of causation of damage, found the following:
The over heating was most likely due to a failed fan/cooling system which caused head gasket failure, and this head gasket failure caused coolant leaks of antifreeze to enter the oil. The gas mix with the oil was caused by running the car on only four of its six cylinders. The rod rap could have been caused when the antifreeze mixed with the oil, breaking down the and allowing metal to metal contact resulting in the sprung bearings and rod rap ([defendant’s expert]) or by racing the motor excessively ([plaintiff’s expert]). Defendant’s expert... stated that racing the motor until it was screaming, with no load on the motor, could result in sprung (sic) bearings and a rod rap, but that there were no signs of overewingth[e] engine.
The so-called “finding” that the defendant did not cause the damage to the plaintiff's automobile is really an assertion that the court as a trier of fact was not persuaded as a matter of fact on the issue of causality, an issue on which the plaintiff bore the burden of persuasion as well as proof. Although there were statements by employees of the defendant that might have been regarded as admissions against the defendant, the court was not bound to accept this testimony. Even though such testimony was uncontradicted, the court was not required to accept it. Lenn v. Riche, 331 Mass. 104, 111. Further, the trial judge was not bound to accept the plaintiff’s theory as regards the cause of the engine damage.
Plaintiff also argues that defendant violated the Attorney General’s Motor Vehicle Regulations, see 940 CMR 5.05, promulgated by the Attorney General’s Office pursuant to G.L.c. 93A. Two of the four theories advanced by the plaintiff are premised upon defendant’s liability for the damaged engine. They are without merit since the judge found defendant not responsible for damaging the car engine. More to the point, if appellant wishes to raise the issue of inconsistency among various subsidiary findings or the general finding, the appellant ought to have raised such issues initially before the trial judge by an appropriate post trial motion for either a new trial or to amend his findings. Vieira v. Balsamo, 328 Mass. 37, 39 (1951) and the cases cited therein.
Plaintiff’s other theories are (1) the defendant failed to return, after requested, the old cylinder head, in violation of 940 CMR section 5.05 (4)[2]; and (2) refused to provide a copy of the work/authorization order, in violation of section 5.05 (11).[3] *74 We need not address the application of these regulations to facts found by the judge because we have reviewed the transcripts and find no request made by the plaintiff for the production sought, nor did the plaintiff file requests for rulings on any theory or scope of agency with respect to the plaintiff’s father.
We conclude that the trial judge as a finder of fact was entitled to find as he did that the plaintiff had failed to bear the burden of persuasion as well as proof.
The plaintiffs appeal is dismissed.
So ordered.

 Plaintiff’s Notice of Appeal raises the issue with ten separate rulings made by the trial judge. However, we confine ourselves to the issues raised in the brief and deem all others waived, Mass. R. A D. A 16(a) (4).

 940 CMR 5.05(4) reads in relevant part “It is an unfair or deceptive act or practice for a repair shop to fail to inform a customer, prior to obtaining oral or written authorization to perform repairs on the customer’s vehicle, of the following information:
(b) That the customer has a right to have any parts replaced by the repair shop returned to him or her at the completion of the repairs...”

 940 CMR 5.05(11) reads “It is an unfair or deceptive act or practice for a repair shop to fail or refuse to provide to a customer a copy of any document signed by the customer either at the time the document is signed or at the completion of the repair work.”