LoConto, P.J.
Aggrieved by the trial judge’s finding in the defendants favor, the plaintiff commenced an appeal pursuant to Rule 8C of the District Court Rules for Appellate Division Appeal. We discern no prejudicial error and affirm the trial courts decision. The facts and issues necessary for an understanding of this case are as follows. The plaintiff, Deborah Delnegro, brought this action in the Palmer District Court seeking damages for the injuries she allegedly sustained when a motor vehicle she operated in Springfield, Massachusetts on January 31,1996, collided with a motor vehicle operated by the defendant, Tiffany L. Hampton.[2] After trial held before the court on September 30,1999, the trial judge made findings and ordered that judgment enter for the defendant He ruled that “[i]n essence the court finds that plaintiffs explanation of the collision, which clearly places causation upon defendants negligence, was no more persuasive than defendants explanation which clearly places causation upon plaintiffs negligence. Plaintiff has not sustained her burden of proof.” The plaintiff contends on appeal that the trial judge’s rulings of law contained in his findings are error as they are inconsistent with the principles of law as to both the plaintiffs burden of proof and comparative negligence. We dedde that the defendant prevails in this appeal because (1) the plaintiff failed to preserve the issue of law by the filing of a request for a ruling of law in accordance with Ride 64A of the Massachusetts Rules of Civil Procedure, and (2) notwithstanding her failure to preserve the issue by the filing of a request for a ruling of law, the trial judge was correct in his application of the facts found to the plaintiffs burden of proof

Rule 64A

With exceptions not present in this case, in order to raise and preserve a question of law in a district court case tried by a judge, a party must file at the close of the evidence requests for rulings of law in accordance with Rule 64A of the Massachusetts Rules of Civil Procedure.[3] The plaintiff obviously understood this need by *38 the filing of three proposed requests for rulings of law.[4] However, none of the proposed requests raise and preserve the issue which she now argues on appeal. The proposed requests filed by the plaintiff test the legal interpretation of three laws devoted to the operation of motor vehicles. And the trial judge correctly ruled on these requests by allowing same. Thus far, the plaintiff cannot point to any error committed by the trial judge.
Undeterred by the Mure to preserve the issue by the filing of a request for a ruling of law, the plaintiff further suggests that we should look to the judge’s findings and rulings to determine if he correctly applied the principles of G.L.c. 231, §85, the comparative negligence statute, to the facts as found. Although not required, a district court judge in an action tried without a jury “may find the facts specially and state separately its conclusions of law thereon.” Mass. R. Civ. R, Rule 52(c). The trial judge composed a two-page writing entitled “Findings and Rulings.” With this document he outlined the issues and the contentions in the case, and explained how he arrived at a finding in favor of the defendant The Findings and Rulings provided the parties a generalized basis for understanding how the court arrived at its eventual determination. But it merely outlined the evidence offered by the parties, with sparse reference to facts specially found and no concise statements of the relevant principles of law. In its form, the trial judge’s Findings and Rulings Med to satisfy Rule 52(c) and therefore is not entitled to the deference suggested by the plaintiff. “[A]s we read the trial judge’s [Findings and Rulings], neither in title, form nor comprehensiveness does it begin to meet the standards of Rule ... 52(c) that the judge ‘find the facts specMy and state separately [his or her] conclusions of law thereon.’” Stigum v. Skloff, 2000 Mass. App. Div. 63, 67. We do not accept this writing as a substitute for Rule 64A’s requirement that the proper method for raising and preserving questions of law is the timely filing of proper requests for rulings of law. The plaintiff’s Mure to file a request for a ruling to test the correctness of the trial judge’s understanding of the law upon which his judgment is based prevents us from deciding whether error occurred. For this reason, the appeal must be dismissed.

Plaintiff’s Burden of Proof

Notwithstanding the failure to raise and preserve the issue now presented on appeal, we address the ultimate issue of the judge’s application of the plaintiff’s burden of proof. The trial judge found that “both parties were equally credible and the court is unable to find that the plaintiff sustained her burden of proof that the defendant's negligence was the proximate cause of the accident” The plaintiff asserts that by the application of the comparative negligence statute to this finding, the plaintiff is entitled to recover because the defendants negligence was not found to exceed the plaintiffs negligence. This assertion misconstrues the plaintiffs burden of proof in a negligence action with the allocation of damages pursuant to the comparative negligence statute. In an action for negligence, the plaintiff has the burden of persuading the trier of fact by a fair preponderance of the evidence that (1) the defendant owed him a duty of care, (2) that the defendant breached that duty, (3) that he was injured or his property was damaged, and (4) such injury or damage was the direct and proximate result of the breach. NOLAN, *39 MASSACHUSETTS PRACTICE (Vol. 37) 340-341. The plaintiff satisfies her burden by showing that the harm she suffered was more likely caused by the negligence of the defendant than for some other cause for which the defendant is not liable. NOLAN, supra at 342. The trial judge made it clear that the credible evidence left to speculation as to who was at fault in the accident “Since the court was left to speculate as to the precise cause of the [accident], it would be impossible to assign comparative degrees of negligence.” York Realty, Inc. v. J.J. Daly, Inc., 1982 Mass. App. Div. 227. The trial judge clearly stated that the plaintiff failed to sustain her burden of proof because he found “that plaintiffs explanation of the collision, which clearly places causation upon the defendants negligence, was no more persuasive than defendants explanation which clearly places causation upon plaintiffs negligence.” The trial judge demonstrated that he applied the correct principles of law. There was no error.
Therefore, we order the Clerk/Magistrate of the Palmer District Court to make an entry on the docket of the case dismissing the appeal.

 On March 10,1998 the plaintiff assented to the defendant Travelers Premier Insurance Company’s motion to sever and stay the plaintiffs chapter 93A action until the outcome of this case.

 In District Court proceedings, requests for rulings of law shall be in writing and shall be presented to the court before the beginning of any closing arguments unless special leave is given to present requests later. Each request shall condsely present a single issue of law and shall be sequentially numbered. Requests shall not be redundant or unreasonable in number. With the exception of requests addressed to the suf-fidency of the evidence, each request shall also condsely state the relevant prindple of law and should be supported by appropriate legal dtation. Rule 64, Mass. R. Civ. R

 The plaintiff proposed the following requests.
1. Chapter 89, §4 prohibits an operator of a motor vehicle on a Massachusetts way from failing to keep to the right of center as one approaches an intersection. DiDonato v. Renzie, 295 Mass. 113, 3 N.E.2d 239 (1936).
2. Chapter 89, §4B mandates that operators of vehicles on Massachusetts ways to travel in the lane right of the center of the way.
3. Chapter 89, §2 prohibits an individual from passing another motorist on the left who is about to make a left turn.