Wheatley, EJ.
In the trial court, the plaintiffs, as landlords, were successful in an eviction case against the defendants, as tenants. The tenants question whether the trial judge should have severed and dismissed their counterclaim, which raised issues of promissory estoppel and quantum meruit[3] We affirm the trial judge’s decision.
The tenants rented as a residence certain parts of property at 265 Dudley Street, Brookline, by three one-year leases, starting June 1,1997 and ending May 31, 2000, and a three-month extension which ended on August 31, 2000. On August 30, the landlords served the defendants with a notice to quit on October 1. The tenants’ neglect or refusal to quit triggered this complaint
The first lease, running from June 1,1997 to May 31,1998, after describing the land and buildings included in the leased premises, specifically reserved for the landlords the “complete personal use of the front building,” also referred to as the potting shed. The last lease, running from June 1,1999 to May 31,2000, although it gave the same exact description of the leased premises, did not so reserve the potting shed. Neither description of the leased premises, as found by the trial judge, contained any reference to the potting shed, “the center of this controversy.”
The tenants challenge the correctness of the judge’s severing of their counterclaim asserting promissory estoppel and quantum meruit, and his findings and rulings on the issue of promissory estoppel after a jury-waived trial. They contend that they paid out large sums of money in making substantial repairs to the potting shed, on the promise from the landlord, Munson, in January, 2000, that the landlords would give them a three-year lease with a reduced rent so that they could recoup some of their expenditures, and that they should be entitled to an equitable order from the court extending the lease for another three years. Even though the judge found that the tenants’ reliance, if any, was not reasonable and ruled that there was no promissory estoppel, we do not reach this issue on the merits.[4]
The judge in his findings noted that rulings of law were not considered since *98 they were untimely filed. The docket reflects that requests for findings of fact and rulings of law were filed by the defendants on December 22,2000. An examination of the trial transcript makes it clear that, even though the judge and counsel discussed the filings, they were not filed before summations which, obviously, were given on the last day of trial, December 15. “In order to raise and preserve a question of law in a district court case tried by a judge, a party must file at the close of the evidence requests for rulings of law in accordance with Rule 64A of the Massachusetts Rules of Civil Procedure.” DelNegro v. Hampton, 2001 Mass. App. Div. 37; Morris v. Centola, 2001 Mass. App. Div. 39. Even though the judge found facts and made a specific determination of the issue of promissory estoppel, without the necessary requests and the judge’s responses, we can not know whether the judge has included in his writing all of the facts that he found. Without responses to requests, we are left to speculate, which we will not do. Melendes v. Melendes, 2000 Mass. App. Div. 73; Ducker v. Ducker, 1997 Mass. App. Div. 73. We are, therefore, not charged with responding to the defendants’ appeal.
It should be noted, however, even if proper requests had been filed with respect to this issue, there is no apparent error. The raising of the defenses of promissory estoppel and quantum meruit are precluded by G.L.c. 239, §8A, as referred to in Uniform Summary Process Rules, Rule 5. That section permits, in a residential eviction proceeding where the termination is no fault of the tenant, a defense or counterclaim "... relating to or arising out of such property, rental, tenancy or occupancy....” The potting shed, in this case, does not fall into any of these categories. Though it apparently was adjacent to the leased premises and close enough to require the landlords to reserve the use of it in the first lease, it clearly was not a part of the “property, rental, tenancy or occupancy” involved in the subject matter of the eviction. The use of the potting shed was first discussed between the landlords and tenants in two emails between Bruce Munson and Louis Whitney, dated December 11, 1997 and January 5,1998, months after the signing of the first lease. In that document, the parties discussed a separate arrangement as to the use of the shed and possible rent to be paid. The agreement was independent of the leases in controversy here. Further, in April, 2000, after the tenants had completed their improvements to the potting shed, it was used by a separate corporation, Doggieday, Inc., for a dog run for ten dogs, which use created a neighborhood controversy and required an eventual shut down as a violation of the Town Zoning By-law.
Accordingly, the appeal is dismissed.
So ordered.

 Both parties acknowledged at the trial that there was no issue with the eviction. It came about as a result of a notice to quit at the termination of the lease extension on August 31,2000.

 The court had some doubt as to the validity of asserting promissory estoppel as a defense in a summary process action, but heard the evidence “at length with plaintiffs [sic] implicit assent” presumably to save the necessity of a rehearing in the event of reversal.