JOHN CUDLASSI *vs.* FRED MACFARLAND.

Suffolk.    November 8, 1939. — December 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Dog. Damages*, For tort. *Statute*, Retroactive.

The provision of St. 1934, c. 320, § 18, making "damage" the measure of liability for injuries caused by a dog, instead of "double the amount of damages sustained" as provided in G. L. (Ter. Ed.) c. 140, § 155, was not retroactive and should not have been applied at a trial in 1938 of an action for injuries so caused in 1933.

TORT. Writ in the Superior Court dated October 3, 1934.

The declaration was in three counts, the first seeking double damages, the second triple damages, and the third merely damages. At the trial before *Giles*, J., in 1938, the judge ordered a verdict for the defendant on the first count, the plaintiff waived the second count and the jury found for the plaintiff on the third count in the sum of $425.

*E. B. Hanify*, for the plaintiff.

No argument nor brief for the defendant.

LUMMUS, J. On September 10, 1933, the plaintiff was injured by the attack of a dog owned and kept by the defendant. At that time the measure of the statutory liability of the defendant was "double the amount of damages sustained." G. L. (Ter. Ed.) c. 140, § 155. But by St. 1934, c. 320, § 18, which took effect on January 1, 1935, after the present action had been brought, certain changes in the conditions of liability were made and the measure of liability was made the "damage," instead of "double the amount of damages sustained." The judge ruled that the

plaintiff could recover damages, but not double damages. The plaintiff alleged exceptions.

The statute in question did not, as did that in *Pittsley* v. *David*, 298 Mass. 552, provide for civil liability as a concomitant of criminal liability, not for the purpose of creating a vested right to damages but rather as an additional discouragement of violations of the statutory prohibition. On the contrary, liability under G. L. (Ter. Ed.) c. 140, § 155, involved no violation of law. That statute did "not declare the owning or keeping of a dog to be unlawful, but that if the dog injures another person, the owner or keeper shall be liable, without regard to the question whether he had or had not a license to keep the dog. The wrong done to the person injured consists not in the act of the master in owning or keeping, or neglecting to restrain, the dog, but in the act of the dog for which the master is responsible." *Le Forest* v. *Tolman*, 117 Mass. 109, 110. See also *Munn* v. *Reed*, 4 Allen, 431, 433; *Somers* v. *Broderick*, 281 Mass. 550; *Canavan* v. *George*, 292 Mass. 245; *Leone* v. *Falco*, 292 Mass. 299.

We think that at the time of the injury in this case a vested right to double remedial damages arose. This right was not affected by the changes in the statute, which were not intended, so far as appears, to have any retroactive effect. *Wild* v. *Boston & Maine Railroad*, 171 Mass. 245, 248. *Hennessey* v. *Moynihan*, 272 Mass. 165, 169. *Engel* v. *Checker Taxi Co.* 275 Mass. 471, 476. *Hill* v. *Duncan*, 110 Mass. 238. *Pittsley* v. *David*, 298 Mass. 552, 554–555.

*Exceptions sustained.*