COMMONWEALTH *vs.* MATHIAS H. DUDA. No. 90-P-851. September 1, 1992. *State Building Code*, Criminal penalty. *Words*, "Building."

The defendant appeals from convictions of four violations of the State Building Code. At the close of the Commonwealth's case, he filed a motion for dismissal (in effect, a motion for a required finding of not guilty) of the charges because the Commonwealth failed to prove that it had sent the notice required by G. L. c. 143, § 51, as appearing in St. 1972, c. 802, § 35: "No criminal prosecution for such violation shall be begun until the lapse of thirty days after such party in control has been notified in writing by a local inspector as to what changes are necessary to meet the requirements of such provisions . . . ." The prosecutor responded that all the notice that was required was supplied by the complaint and a bill of particulars. The judge denied the motion.

---

This was error. The statutory notification in writing is a condition precedent to criminal prosecutions for violations of the State Building Code. *Commonwealth* v. *Porrazzo*, 25 Mass. App. Ct. 169, 175-177 (1987). Neither the letter ordering work to cease (with which the defendant apparently complied) nor the letter revoking the building permit was a sufficient letter of notice under § 51, not having advised the defendant what specific positive steps he should take to avoid criminal prosecution.

The Commonwealth argues in this court for the first time that no notice was required by § 51, because § 51 contemplates that the notification will be sent to the owner or party in control "of a place of assembly, theatre, special hall, public hall, factory, workshop, manufacturing establishment or building" and the structure in question did not fall within the scope of that section. We reject the argument. The structure at issue, a watchmen's cottage in a commercial marina, qualified as a "building." The absence of a conjunction (presumably "or") between "workshop" and "manufacturing establishment" indicates that "manufacturing establishment" stands alone as the penultimate element of the series; and "building," unmodified by "manufacturing," stands alone as the final element of the series. The cottage, even if considered residential, qualified as a "building." See G. L. c. 143, § 1, as appearing in St. 1972, c. 802, § 12 (defining "building" as a "combination of any materials . . ., having a roof, to form a structure for the shelter of persons, animals or property").

The Commonwealth also argues that the defendant waived the defense of lack of notice by failing to raise the point in a pretrial motion to dismiss under Mass.R.Crim.P. 13(c)(1) or (2), 378 Mass. 872 (1979). While this might have been preferred practice, we think the statutory notice should be regarded as an element of the offense, thus capable of being raised on a motion for a required finding of not guilty. Compare *Commonwealth* v. *Jasmin*, 396 Mass. 653, 655 (1986). The provisions of the State Building Code are in many instances somewhat opaquely worded,[1] and notice to the owner or person in control as to what he is required to do to avoid prosecution is necessary in fairness to give specificity to his dereliction. The statutory purpose of the notice would be set at naught if a defendant could be prosecuted notwithstanding his having done what the notice required him to do. A showing that the defendant failed to comply with the notice is part of the Commonwealth's burden of proof.

The judgments are reversed, the findings are set aside, and new judgments are to be entered for the defendant.

*So ordered.*

---

[1]For example, count F of the complaint charged a violation of § 121.1 of the State Building Code (780 Code Mass. Regs. § 121.1 [1980]), in that the defendant did "erect, construct, alter, reconstruct, repair, remove, demolish, use or occupy any building or structure or equipment regulated by this code, or cause same to be done, contrary to or in conflict with or in violation of any of the provision[s] of this code . . . ." The quoted words are taken verbatim from § 121.1.

*J. Kent Wicker* for the defendant.

*Joe M. Cook*, Assistant City Solicitor of Northampton, for the Commonwealth.