Spurlock, J.
This action arises out of an eye injury suffered by the plaintiff Philip English on August 31, 1992 while performing construction work at the home of the defendants John and Mary Sacca. Count III of plaintiffs’ amended complaint alleges strict liability against the defendants pursuant to G.L.c. 143, §51. Defendants now move for summary judgment on Count III on the theory that the 1994 amendment to G.L.c. 143, §51 abolished all prior causes of action for strict liability against one who obtains a building permit. For the reasons stated below, defendants’ motion is ALLOWED.
BACKGROUND
On August 14, 1992, the Saccas obtained a building permit from the City of Medford for the installation of vinyl siding on their home. Mr. English assisted the defendants in installing the siding. On August 31, 1992, Mr. English was injured by a nail which struck him in the eye while he was installing the siding. Mr. and Mrs. English filed suit against the Saccas on August 18, 1993 alleging negligence. On March 21, 1994, the plaintiffs amended their complaint to include a count for strict liability pursuant to G.L.c. 143, §51.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Summary judgment is appropriate if there is no real dispute as to the salient facts or if only a question of law is involved. Cassesso, 390 Mass. at 422.
Before G.L.c. 143, §51 was amended, effective January 14, 1994, it provided, in pertinent part:
Any person who obtains a permit pursuant to the state building code to erect, construct, or demolish a building or structure shall be liable to any worker or other person for all injuries and damages that result from a failure to provide a safe workplace, or caused by a violation of the state building code or other codes, by-laws, rules and regulations applicable to the construction site.
This sentence, which is the basis for plaintiffs’ strict liability cause of action against defendants, was deleted by the 1994 amendment.
Plaintiffs argue that because the injury occurred in 1992 when the old statute was in effect, the 1994 amendment does not destroy their cause of action. Plaintiffs rely on Cudlassi v. MacFarland, 304 Mass. 612 (1939), in which the plaintiff was permitted to recover double damages, despite the fact that a subsequent amendment reduced the statutory remedy to single damages. In Cudlassi the Supreme Judicial Court allowed for double damages pursuant to the old statute because that statute was in effect at the time of the plaintiffs injuries and the plaintiff had a vested right in the double recovery. 304 Mass. at 613. Plaintiffs assert that, under Cudlassi their right to a strict liability action against the Saccas is vested and cannot be affected by subsequent changes in the statute.
The flaw in plaintiffs argument is that G.L.c. 143, §51 did not create any vested rights. Section 51 created a civil remedy for strict liability against building permit holders that ran parallel to criminal penalties for violations of the State Building Code and related safety standards. G.L.c. 143, §51 (as amended through St. 1992 c. 66 §1). See generally St. Germaine v. Pendergast, 416 Mass. 698, 703 (1993) (acknowledging §51 as imposing civil liability for violations of the State Building Code); Com. v. Duda, 33 Mass.App.Ct. 922 (1992) (discussing procedures for criminal prosecutions under §51). When a statute contains concomitant civil remedies and criminal penalties for violation of a law, no vested rights are created by the civil remedy because the purpose of the civil remedy is only to further discourage violations of the law. Pittsley v. David, 298 Mass. 552, 555 (1937); Cudlassi 304 Mass. at 613. Thus, plaintiffs have no vested rights in a strict liability action against the defendants. See Romero v. Daus-Haberle, Civil No. 0090 (Suffolk Super. Ct. February 22, 1995), 3 Mass. L. Rptr. No. 24, 525 (June 12, 1995) (holding that the 1994 amendment to G.L.c. 143, §51 destroyed all causes of action under the 1992 version of the statute).
Where no rights have vested, a modification of the statute which excludes the civil remedy without a savings clause extinguishes the remedy. Pittsley, 298 Mass. at 555; Wilson v. Head, 184 Mass. 515, 518 (1884). This rule applies equally to cases pending in court at the time of the amendment and cases filed after the effective date of the amendment. Pittsley, 298 Mass. at 557; New London Northern Railroad v. Boston & Albany Railroad, 102 Mass. 386, 389 (1869). Therefore, the 1994 amendment of §51 destroyed plaintiffs pending strict liability claim because it deleted the language upon which plaintiffs’ claim was predicated without including a savings clause. See G.L.c. 143 §51 (as amended by St. 1994 c. 495, §35).
Plaintiffs no longer have a statutory basis for their strict liability claim against the defendants. Accordingly, Count III of the amended complaint must fail.
ORDER
It is therefore ORDERED that defendants’ motion for summary judgment on Count III of the amended complaint pursuant to Mass.R.Civ.P. 56 be ALLOWED.