Spurlock, J.
This action arises out of an injury sustained by the plaintiff, Dana Parello, on November 2, 1993 while he was performing construction work for Ricciardelli Contracting Company at the home of defendant Lissa C. McKinney. Count III of the amended complaint asserts strict liability against defendant McKinney under G.L.c. 143, §51. Defendant McKinney now moves for summary judgment on Count III on the theory that the repeal of a portion of G.L.c. 143, §51 in 1994 abolished plaintiffs cause of action against her. For the reasons stated below, defendant McKinney’s motion for summary judgment on Count III is ALLOWED.
BACKGROUND
On September 15, 1993, defendant McKinney obtained a building permit from the Town of Needham for the addition of a deck. Plaintiff performed construction work on the deck as an employee of the Ricciardelli Construction Company. On November 2, 1993, plaintiff severely injured his right hand with a power saw while working on the deck. On March 21, 1994, plaintiff brought suit against Bruce and Jo Ann Ricciardelli, as owners of the Ricciardelli Construction Company, alleging strict liability pursuant to G.L.c. 152, §§66 and 67, and against Lissa McKinney alleging strict liability pursuant to G.L.c. 231, §51.
DISCUSSION
This court grants summary judgment where there are no genuine, issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Summary judgment is appropriate if there is no real dispute as to the salient facts or if only a question of law is involved. Cassesso, 390 Mass. at 422.
Before G.L.c. 143, §51 was amended, effective January 14, 1994, it provided, in pertinent part:
Any person who obtains a permit pursuant to the state building code to erect, construct, or demolish a building or structure shall be liable to any worker or other person for all injuries and damages that result from a failure to provide a safe workplace, or caused by a violation of the state building code or other codes, by-laws, rules and regulations applicable to the construction site.
This sentence, which is the basis for plaintiffs strict liability cause of action against defendant McKinney, was deleted by the 1994 amendment.
Plaintiff makes two arguments in support of his assertion that despite the 1994 amendment, defendant McKinney is strictly liable under §51. First, plaintiff argues that the 1994 amendment does not destroy his cause of action because the injury occurred in 1993 when the old statute was in effect. Additionally, plaintiff argues that even if the 1994 amendment retroactively abolished his cause of action under the old statute, defendant McKinney is strictly liable under the amended version of §51.
In support of his argument that the 1994 amendment did not destroy his cause of action under the 1992 version of §51, plaintiff relies on Cudlassi v. MacFarland, 304 Mass. 612 (1939). In Cudlassi, the plaintiff was permitted to recover double damages, despite the fact that a subsequent amendment reduced the statutory remedy to single damages. 304 Mass. at 613. In Cudlassi, the Supreme Judicial Court allowed for double damages pursuant to the old statute because that statute was in effect at the time of the plaintiffs injuries and the plaintiff had a vested right in the double recovery. 304 Mass. at 613. Plaintiff asserts that, under Cudlassi, his right to a strict liability action against the defendant McKinney is *426 vested and cannot be affected by subsequent changes in the statute.
The flaw in plaintiffs argument is that G.L.c. 143, §51 did not create any vested rights. Section 51 created a civil remedy for strict liability against building permit holders that ran parallel to criminal penalties for violations of the State Building Code and related safety standards. G.L.c. 143, §51 (as amended through St. 1992 c. 66, §1). See generally St. Germaine v. Pendergast, 416 Mass. 698, 703 (1993) (acknowledging §51 as imposing civil liability for violations of the State Building Code); Com. v. Duda, 33 Mass.App.Ct. 922 (1992) (discussing procedures for criminal prosecutions under §51). When a statute contains concomitant civil remedies and criminal penalties for violation of a law, no vested rights are created by the civil remedy because the purpose of the civil remedy is only to further discourage violations of the law. Pittsley v. David, 298 Mass. 552, 555 (1937); Cudlassi 304 Mass. at 613. Thus, plaintiff has no vested rights in a strict liability action against defendant McKinney. See Romero v. Daus-Haberle, Civil No. 0090 (Suffolk Super. Ct. February 22, 1995) 3 Mass. L. Rptr. No. 24, 525 (June 12, 1995) (holding that the 1994 amendment to G.L.c. 143, §51 destroyed all causes of action under the 1992 version of the statute).
Where no rights have vested, a modification of the statute which excludes the civil remedy without a savings clause extinguishes the remedy. Pittsley, 298 Mass. at 555; Wilson v. Head, 184 Mass. 515, 518 (1884). This rule applies equally to cases pending in court at the time of the amendment and cases filed after the effective date of the amendment. Pittsley, 298 Mass. at 557; New London Northern Railroad v. Boston & Albang Railroad, 102 Mass. 386, 389 (1869). Therefore, the 1994 amendment of §51 destroyed plaintiffs pending strict liability claim because it deleted the language upon which plaintiffs claim was predicated without including a savings clause. See G.L.c. 143, §51 (as amended by St. 1994 c. 495, §35).
Plaintiff argues that even if his claim under the old version of §51 is no longer valid, defendant McKinney is still strictly liability under G.L.c. 231, §51 (as amended by St. 1994 c. 495, §35). Specifically, plaintiff argues that the first sentence of §51 gives rise to a strict liability cause of action against defendant McKinney. The first sentence of §51, as amended, reads:
The owner, lessee, mortgagee, in possession or occupant, being the party in control, of a place of assembly, theatre, special hall, public hall, factory, workshop, manufacturing establishment or building shall comply -with the provisions of this chapter and the state building code relative thereto, and such person shall be liable to any person injured for all damages caused by a violation of any of said provisions.
G.L.c. 231, §51 (as amended by St. 1994 c. 495, §35).
Plaintiff alleges that defendant McKinney is an owner of a building (her home) and as such she is strictly liable under this sentence of §51 for his injuries.
The Supreme Judicial Court specifically rejected this argument in St. Germaine v. Pendergast, 411 Mass. 615 (1992). In St. Germaine, the Supreme Judicial Court held that this sentence[2] did not impose liability on single family homeowners because the language of the statute was not meant to encompass a single family home under construction. Thus, defendant McKinney, as the owner of a single family residence under construction, cannot be held strictly liable under the language of G.L.c. 231, §51 (as amended by St. 1994 c. 495, §35).
Plaintiff no longer has a statutory basis for his strict liability claim against defendant McKinney. Accordingly, Count III of the amended complaint must fail.
ORDER
It is therefore ORDERED that defendant’s motion for summary judgment on Count III of the amended complaint pursuant to Mass.R.Civ.P. 56 be ALLOWED.

The 1994 version of §51 is identical to the 1990 version of §51 under which St. Germaine v. Pendergast 411 Mass. 615 (1992), was decided.