Commonwealth v. Eakin.

Commonwealth vs. Martha Jean Eakin
(and a companion case[1]).

Middlesex. April 10, 1998. - June 4, 1998.

Present: Wilkins, C.J., Lynch, Greaney, Fried, Marshall, & Ireland, JJ.

*State Building Code,* Criminal penalty. *Statute,* Construction. *Practice, Criminal,* Preservation of evidence, Loss of evidence by prosecutor. *Words,* "Building."

The term "building," found in G. L. c. 143, § 51, refers to commercial and industrial structures and does not encompass a residential property, with the result that the Commonwealth was not required to comply with the notice requirements of that statute before commencing a criminal prosecution for violations of the State Building Code in a single-family residence. [591-592]

Considerations of fairness warranted the grant of new trials to defendants charged with criminal violations of the State Building Code, in circumstances in which the focus of the first trial was on the notice provision of G. L. c. 143, § 51, which this court determined, on appeal, to be inapplicable to the single-family residence in question. [592-593]

There was no basis for dismissal of criminal charges of violations of the State Building Code by reason of the destruction of the house in question, where the defendants demonstrated no prejudice thereby. [593]

At the trial of complaints for alleged violations of the State Building Code, the judge correctly excluded a certain memorandum stating opinions of a building inspector, and on retrial of the complaints other evidentiary rulings would be for the trial judge to decide. [593-594]

Complaints received and sworn to in the Newton Division of the District Court Department on December 9, 1991.

On appeal to the Cambridge Division, the cases were tried before *Arthur Sherman,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Catherine E. Sullivan,* Assistant District Attorney, for the Commonwealth.

*David J. Fine* for the defendants.

[1]Commonwealth vs. Jeff Buster.

WILKINS, C.J. The defendants appealed from their convictions of 1991 violations of the State Building Code with respect to a house in Newton. The Appeals Court reversed those convictions because, in its view, the building inspector had not given the defendants adequate notice under G. L. c. 143, § 51, for many alleged code violations, setting forth "what changes are necessary to meet the requirements" of the building code. *Commonwealth* v. *Eakin*, 43 Mass. App. Ct. 693, 697-698 (1997), quoting § 51.

The case was presented to the trial court and to the Appeals Court on the assumption that the notice requirements of § 51 applied to a single-family house. *Id.* at 697 & n.6. The Appeals Court decided the appeal on that assumption but stated that, on remand, the holding of *Santos* v. *Bettencourt*, 40 Mass. App. Ct. 90 (1996), should be explored. *Commonwealth* v. *Eakin, supra* at 697 n.6. The *Santos* opinion, which was released shortly after the trial of this case, concluded that G. L. c. 143, § 51,[2] did not apply to a single-family house. *Santos* v. *Bettencourt, supra* at 91.[3]

We granted the Commonwealth's application for further appellate review, in which it asked this court to resolve the question whether § 51 applies to a single-family house, an issue of Statewide importance. The answer to that question is not settled. Prior to the *Santos* case, in a 1992 rescript opinion, the Appeals Court held that a watchmen's cottage at a commercial marina was a "building" within the meaning of § 51, and implied, from its reference to the broad definition of "building" in G. L. c. 143, § 1, that a single-family house would be a "building" under § 51 as well. *Commonwealth* v. *Duda*, 33 Mass. App. Ct. 922, 923 (1992). The *Santos* opinion suggested that the cottage at issue in the *Duda* case came under the purview of § 51 because it was associated with a commercial enterprise, although the *Duda* opinion did not so state. *Santos* v. *Bettencourt, supra*

---

[2]General Laws c. 143, § 51, states: "The owner . . . of a place of assembly, theatre, special hall, public hall, factory, workshop, manufacturing establishment or building shall comply with the provisions of this chapter and the state building code relative thereto, and such person shall be liable to any person injured for all damages caused by a violation of any of said provisions. No criminal prosecution for such violation shall be begun until the lapse of thirty days after such party in control has been notified in writing by a local inspector as to what changes are necessary to meet the requirements of such provisions . . . ."

[3]Neither party's brief to the Appeals Court even cited the *Santos* case.

at 93-94. Whether § 51 applies to a single-family house bears on what the Commonwealth must prove on the retrial of the charges, which we rule is required.[4]

The reasoning of the *Santos* opinion, concluding that § 51 does not apply to a single-family house, is sound. The Legislature could not have intended the word "building" in § 51, which appears in a series with other, more specific words ("assembly, theatre, special hall, public hall, factory, workshop, manufacturing establishment") to mean any and every structure. If it had, the word "building" alone would have been sufficient. "Building" must be read to refer to structures used for purposes like those of the other structures listed. See *Powers* v. *Freetown-Lakeville Regional Sch. Dist. Comm.*, 392 Mass. 656, 660 n.8 (1984). It seems illogical, to be sure, that the owner of a private home is entitled to less advance notice of steps that should be taken to correct a building code violation than is the owner of a commercial or industrial building covered by § 51. This is, however, a legislative judgment, one that may be altered prospectively.

Given this conclusion, it appears that the Commonwealth, inappropriately but without objection, was required at the jury trial to prove compliance with § 51's notice requirement. At any retrial, § 51 would not be applicable. Our conclusion that § 51 is inapplicable to single-family residences would not unconstitutionally apply a retroactive redefinition of the crimes with which the defendants are charged. We have stated that statutory notification pursuant to § 51 is not a condition precedent to the prosecution of the crimes charged, but, in what we decide, we have neither redefined nor altered in any way the elements of those crimes.

The question is whether a retrial is required. On the face of it, the Commonwealth's failure to clear a hurdle that it did not have to jump should not require a new trial. The defendants

[4]The *Duda* opinion, in implying that § 51 applied to a single-family house, relieved a defendant of criminal liability where the building inspector had failed to give adequate notice. *Commonwealth* v. *Duda*, 33 Mass. App. Ct. 922, 923 (1992). The *Santos* opinion, by concluding that § 51 was inapplicable to a single-family house, relieved the defendant homeowner of civil liability, based solely on the fact of that ownership, for injuries allegedly attributable to a building code violation. Inconsistent interpretations of § 51 aside, the results in the two cases, both protective of homeowners, appear to be fair. We cannot, however, justify a different meaning for the word "building" in § 51, depending on whether the case is a criminal or a civil one.

argue, however, that it would be unfair to uphold their convictions on appeal. They contend that they would have defended the charges against them differently if the trial had not proceeded on the crucial assumption that, as a condition precedent to the right to prosecute, the building inspector was required to give the defendants notice of the steps necessary to avoid prosecution. The defendants do not indicate what they would have advanced alternatively as a defense. However, because the charges were unsupported by a detailed notice of required remedial action, various charges may have been impermissibly vague.[5] See *Commonwealth* v. *Duda*, 33 Mass. App. Ct. 922, 923 & n.1 (1992). Because of this and because the § 51 notification issue so permeated the jury trial, with the Commonwealth's apparent consent, it is only fair that the defendants have a new trial.

We have answered the question on which the Commonwealth sought further appellate review. There are certain other issues that the defendants have also argued that may arise at any retrial. We touch on them briefly. (a) There is no basis for dismissing the charges because of prosecutorial misconduct. The city of Newton destroyed the house that is the subject of the alleged code violations in early July, 1994, during the course of an earlier bench trial that took place from time to time, between March, 1993, and October, 1995. The defendants have not demonstrated that the destruction of the house prejudiced them. See *Commonwealth* v. *Olszewski*, 416 Mass. 707, 714 (1993), cert. denied, 513 U.S. 835 (1994); *Commonwealth* v. *Willie*, 400 Mass. 427, 432-433 (1987). They had ample notice of the intended demolition so that they could take photographs and instruct an expert to go through the house. They have made no persuasive showing that material evidence favorable to them was irretrievably lost. See *Commonwealth* v. *Sarourt Nom*, 426 Mass. 152, 159 (1997); *Commonwealth* v. *Perito*, 417 Mass. 674, 684 (1994).[6]

(b) The retrial should be limited, of course, only to charges

---

[5]We indicate below that only certain clearly defined alleged violations may be the subject of the retrial.

[6]We need not decide whether the city improperly destroyed the house. The defendants argue that a stay of the demolition order was in effect because, at the time of the demolition, they had an appeal pending pursuant to G. L. c. 143, § 100. The Commonwealth claims that the demolition was proper because of the statutory authority of a building inspector to remove a building

of violations of the building code on which the Commonwealth presented evidence at the defendants' jury trial. In this way, the defendants will know of the specific violations charged, and any possible prejudice from alleged multiplicitous or duplicative charges will be eliminated.

(c) The March, 1988, memorandum stating opinions of a Newton building inspector named Daniel Gentile was properly excluded. It had little or nothing to do with the 1991 violations that were the subject of the jury's verdicts, and, as an opinion, was not shown to be admissible under any statutory or common-law exception to the hearsay rule.

(d) The judge did not abuse his discretion in excluding the testimony of a Department of Social Services social worker. It will be for the trial judge to decide whether at retrial that hearsay testimony will be admissible, on some theory, as tending to prove the bias of the city's commissioner of the inspectional services department against the defendants.

The judgments of conviction are reversed as to both defendants, and the verdicts are set aside. The cases are remanded to the District Court for a new trial.

*So ordered.*

---

dangerous to life or limb. See G. L. c. 143, § 9. The statutes, both arguably applicable, are not easily reconciled.