DRITON BANUSHI & another[1] *vs.* IRA DORFMAN & another.[2]

Suffolk. November 5, 2002. - December 13, 2002.

Present: MARSHALL, C.J., GREANEY, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*State Building Code. Statute,* Construction. *Words,* "Building."

A Superior Court judge correctly concluded that G. L. c. 143, § 51, a statute
  imposing strict liability on a property owner (among others) for injuries
  resulting from State building code violations, did not apply to an owner-
  occupied two-family house in which the owner rented one unit to a tenant.
  [243-245]

CIVIL ACTION commenced in the Superior Court Department on
February 13, 1998.

The case was heard by *Elizabeth M. Fahey*, J., on a motion
for summary judgment, and entry of separate and final judg-
ment was ordered by *Joseph M. Walker, III*, J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Martin Kantrovitz* for the plaintiffs.

*Robert G. Taylor* (*Julie A. Howard* with him) for the
defendants.

COWIN, J. This case presents the question whether a two-
family house in which one unit is rented is a "building" within
the meaning of G. L. c. 143, § 51, a statute that imposes strict
liability on the property owner (among others) for injuries result-
ing from building code violations.

The essential facts are not in dispute. The Dorfmans owned a
two-family home in Revere (the house), lived on the first floor,
and rented the other apartment. They owned no other rental
property at the time in question. They hired a contractor to
paint parts of the exterior of the house. The contractor in turn

[1]Asime Banushi.

[2]Marilyn Dorfman.

hired the plaintiff Driton Banushi to perform this painting work. On or about August 12, 1995, Banushi was painting the house; he fell from his ladder onto wood debris left by other workers[3] and sustained permanent and serious injuries. The Banushis claim that the Dorfmans violated State building code regulations relative to debris cleanup, causing Banushi to be injured; and that, pursuant to G. L. c. 143, § 51, the Dorfmans are strictly liable for his injuries.[4]

A Superior Court judge granted summary judgment for the defendants, concluding that the statute does not apply to an owner-occupied two-family home in which the owner rents one unit to a tenant. Separate and final judgment for the Dorfmans was entered. See Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974). The Banushis appealed to the Appeals Court and we transferred the case to this court on our own motion. We conclude that the judge was correct in ruling that the statute does not apply in this case. Our conclusion derives from past cases of this court and from canons of statutory interpretation.

General Laws c. 143, § 51, provides:

> "The owner . . . being the party in control, of a place of assembly, theatre, special hall, public hall, factory, workshop, manufacturing establishment or building shall comply with the provisions of . . . the state building code relative thereto, and such person shall be liable to any person injured for all damages caused by a violation of any of said provisions."

We have already concluded that the statute does not apply to a single-family house. See *Commonwealth* v. *Eakin*, 427 Mass. 590, 592 (1998). In that case, we said that the Legislature could not have intended the word "building" in the statute, "which appears in a series with other, more specific words ('assembly, theatre, special hall, public hall, factory, workshop, manufacturing establishment') to mean any and every structure." *Id.* See *Santos* v. *Bettencourt*, 40 Mass. App. Ct. 90, 91 (1996). We proceed from that point to determine whether the word "building"

---

[3] Another subcontractor had the responsibility of removing debris from the site.

[4] The plaintiffs also filed claims of negligence and loss of consortium against other defendants and a claim of negligence against the Dorfmans. These claims are not before us.

encompasses an owner-occupied two-family home in which the owner rents one unit to a tenant.

In considering the language of the statute, the doctrine of ejusdem generis is applicable: "Where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." 2A N.J. Singer, Sutherland Statutory Construction § 47.17, at 273-274 (6th ed. rev. 2000). See *Powers* v. *Freetown-Lakeville Regional Sch. Dist. Comm.*, 392 Mass. 656, 660 n.8 (1984). The doctrine is most appropriate when a series of several terms is listed that concludes with the disputed language. See *Perlera* v. *Vining Disposal Serv., Inc.*, 47 Mass. App. Ct. 491, 496 n.8 (1999). Here, each of the words in the series preceding the disputed word describes a place of public or commercial use. The final word, "building," is a general word. Pursuant to the doctrine of ejusdem generis, we construe the general word "building" to refer to structures similar in nature to those described by the preceding specific words, i.e., places of public or commercial use, places of assembly or places of work. " 'Building' [in the statute] must be read to refer to structures used for purposes like those of the other structures listed." *Commonwealth* v. *Eakin, supra* at 592. An owner-occupied two-family home in which the owner rents one unit to a tenant is not a "building" within the terms of the statute. Although the owner may derive some minimal income from the rental, it is not the type of commercial, public use, assembly, or workplace structure contemplated by the statute. "The large number of owners of [these types of homes] in the Commonwealth should not be exposed to expanded civil liability deriving from the regulatory provisions of chapter 143 except by express and clear legislation evidencing that intention." *Santos* v. *Bettencourt, supra* at 94. See *Lindsey* v. *Massios*, 372 Mass. 79, 84 (1977). We do not attempt to define the class encompassed by the statute more precisely, see *Santos* v. *Bettencourt, supra* at 92, preferring to leave that either to the Legislature or to development on future factual records.[5]

The broad definition of "building" found in G. L. c. 143, § 1

---

[5]Separately, we observe that the Legislature simply may have intended the word "building" as a synonym for a "manufacturing establishment." There is

("In this chapter the following terms . . . shall have the follow-ing meanings"), as "a combination of any materials, whether portable or fixed, having a roof, to form a structure for the shelter of persons, animals or property," does not alter our interpretation. Although this global definition may be appropriate for various sections of G. L. c. 143, if it were applied to the instant section, it would render the remaining words in the listing superfluous. We do not read a statute so as to render any of its terms meaningless or superfluous. *Bynes* v. *School Comm. of Boston*, 411 Mass. 264, 268 (1991), and cases cited. See also *St. Germaine* v. *Pendergast*, 411 Mass. 615, 619 (1992) ("It is apparent . . . from the specific types of structures mentioned in § 51 . . . and the definition contained in G. L. c. 143, § 1 . . . for the general term 'building,' that § 51 is not meant to apply to a single family home that is under construction").[6] See *Santos* v. *Bettencourt, supra* at 93. Renting one portion of one's own home does not bring the homeowner within the terms of the statute. There is nothing to indicate that the Dorfmans' home is public or commercial in the sense of the words of the statute.[7,8]

*Judgment affirmed.*

no comma in that portion of the definition that contains the phrase "manufacturing establishment or building." Such an intent is consistent with our decision today.

[6]The Appeals Court has held that a watchmen's cottage at a commercial marina qualified as a "building" within the meaning of the statute, and implied, by referring to the broad definition of "building" in G. L. c. 143, § 1, that a single-family house would be a "building" under § 51 as well. *Commonwealth* v. *Duda*, 33 Mass. App. Ct. 922, 923 (1992) (rescript opinion). Any such suggestion has clearly been discredited. See *Commonwealth* v. *Eakin*, 427 Mass. 590, 591-592 (1998); *Santos* v. *Bettencourt*, 40 Mass. App. Ct. 90, 93-94 (1996).

[7]The cases from other jurisdictions relied on by the plaintiffs do not assist their argument. These cases are based on statutes whose wording differs from the statute before us.

[8]The plaintiffs claim that the defendants violated 780 Code Mass. Regs. § 114.1.3 (1992) (disposal of debris at worksite) and 454 Code Mass. Regs. § 10:03 (1) (1988) (protection of health and safety of employees at worksite), and it is the violation of these regulations on which the Banushis premise the Dorfmans' liability. The Dorfmans argue that neither of those regulations placed any obligation on them, but were applicable solely to particular contractors at the site. As it is unnecessary to our decision, we express no opinion whether these regulations would be applicable to a homeowner in the instant circumstances.