Fecteau, J.
This is an action for personal injuries as a result of a fall from a ladder or scaffolding while the plaintiff was working on a three-family residence owned by the defendant Joan Fisher and in which the defendant Philip Fisher resided. The defendants are related by marriage.[1] The defendant Joan Fisher has moved for summary judgment on the grounds that she neither hired the plaintiff to perform work on the property, did not know that Philip Fisher had hired him and did not have any prior knowledge of his being on the property to perform exterior repairs on the property, thereby excusing her from any legal responsibility for this accident and the severe injuries resulting therefrom.
The plaintiff filed a complaint (in five counts, two of which are for loss of consortium) in which the alleged liability of the moving party is chiefly for strict liability, under the provisions of G.L.c. 143, §51, for a violation of the building code (count I), and two counts in negligence, one which alleges, inter alia, a failure to obtain a building permit[2] and the other claiming that the defendant provided unsafe scaffolding equipment (counts II and III). The defendant contends that the plaintiff is not entitled to bring a cause of action under this statute as a “3-decker” was not intended to be included within the scope of the statute and that the plaintiff has not provided sufficient evidence of record, for purposes of this motion, showing a causal relationship between any violation of the building code or other negligence of the defendant and his injuries. The plaintiff opposes this motion.
Turning first to count I of the cause of action, founded upon an alleged violation of G.L.c. 143, §51, this court agrees with the defendant that this statute does not apply to a 3-family residence, notwithstanding the fact that it is not owner-occupied. As was stated in Banushi v. Dorfman, 438 Mass. 242 (2002), a case in which an owner-occupied two-family residence was held to be excluded from the purview of the statute, “[a]n owner-occupied two family home in which the owner rents one unit to a tenant is not a "building" within the terms of the statute. Although the owner may derive some minimal income from the rental, it is not the type of commercial, public use, assembly or workplace structure contemplated by the statute. The large number of owners of [these types of homes] in the Commonwealth should not be exposed to expanded civil liability deriving from the regulatory provisions of chapter 143 except by express and clear legislation evidencing that intention.’ “ (quoting from Santos v. Bettencourt, 40 Mass.App.Ct. 90, 94 (1996)). The court also observed, in footnote 5 that "that the Legislature simply may have intended the word ‘building’ as a synonym for a ‘manufacturing establishment.’ There is no comma in that portion of the definition that contains the phrase ‘manufacturing establishment or building.’ Such an intent is consistent with our decision today."
The plaintiffs reliance upon the case of Osorno v. Simone, 56 Mass.App.Ct. 612 (2002), notwithstanding footnote 8 therein, is misplaced, given the language quoted above from Banushi, supra, which decision was issued ten days following that of Osorno, supra. Given the language of the statute, a three-family residence, whether owner-occupied or not, is not so remarkably different and significantly distinguishable from an owner-occupied two-family residence that it is more consistent with “[t]he rental of dwelling units in rooming houses, large apartment buildings or smaller multiple family tenements” that can be viewed as the “type of commercial enterprise, involving the public, that could in a proper case invoke the strict liability provisions of the statute.” Osorno, supra, fn. 8. “Each of the building categories described in the statute — e.g., ‘a place of assembly, theatre, special hall, public hall, factory, workshop, manufacturing establishment’ — have an intrinsic public or commercial character; they are places where the public may come together in numbers for brief, intermittent use.” Osorno, supra, at 619. Moreover, as was noted in Osorno, at page 618, the Supreme Judicial Court had stated, in Commonwealth v. Eakin, 427 Mass. 590, 592 (1998), that “ ‘building’ must be read to refer to structures used for purposes like those of the other *575 structures listed [in §51].” This is not the case with respect to three-family residences, even if the owner does not reside therein. A three-family residence is not used for purposes like those of the other structures listed in Section 51. To include a 3-family residence within the scope of this statute is inconsistent with the plain meaning of the words of the statute that lists the categories of buildings to which it expressly applies. Therefore, summary judgment is warranted on count I of the plaintiffs complaint.
With respect to that portion of count II of the complaint, in which the plaintiff has alleged, in part, that the defendant negligently failed to obtain a building permit, in violation of the Building Code, such an allegation, and the facts developed by this motion record, has been the subject of, and is controlled by the case of Glidden v. Maglio, 430 Mass. 694 (2000).[3] There, the court held that the plaintiff had failed to show how his accident was related to the failure to obtain a permit, and that the possibility that a building inspector might have had an opportunity to inspect the staging or scaffolding was too conjectural to defeat summary judgment: “even if the defendant was remiss in not obtaining a building permit, the plaintiffs have advanced no evidence to support any conclusion, or even an inference, that the accident would have been prevented if the requisite permit had been obtained before the accident.” Id. at 698. With respect to this portion of the allegations of count II, namely, the negligent failure to obtain a building permit, summary judgment is granted.
However, with respect to count III, and so much of count II that alleges a negligent failure to provide a safe work place, and negligence in the provision of unsafe equipment, a genuine issue of material fact exists, at the least, as to the authority of the tenant, a relative of the moving party, to hire and supervise workmen to perform services upon the building and as to the defendant’s ownership, maintenance and use of the property, real and personal, including the staging or scaffolding equipment and the relative duties of care attendant thereon. Therefore, summary judgment is foreclosed.
ORDER ON MOTION
For the foregoing reasons, summary judgment is allowed with respect to count I and so much of count II as presents an allegation of negligent failure to obtain a building permit. Summary judgment is denied with respect to the remaining allegations of count II and count III.

Philip Fisher is the father-in-law of Joan Fisher.

The operative allegations in count II of the complaint, paragraphs 15-18, is that the defendant Joan Fisher “failed, neglected or refused to obtain a building permit for the work on the property” and, “as a result of the negligence of the Defendant, the scaffolding and/or ladder on which the Plaintiff was working did not comply with the applicable provisions of the Building Code," and that the defendants were jointly and/or severally negligent in the proper use of the scaffolding or other equipment being used on the premises to provide a safe work place or to allow the plaintiff to perform the work safely.

The plaintiff has failed to cite any relevant portion of the Building Code that would make the work for which the plaintiff was hired subject to a building permit, nor has he cited any particular provision of the Building Code that he contends to have been violated in connection with the work performed and specifically related to the happening of his accident apart from the building permit issue. However, for the sake of this discussion, it is assumed that a building permit was required for the work on this building, as the defendant has not resisted the contention that a permit would be required.